.M. J. Clement, *et ux.,* v. Pensacola Builders Supply Company

189 So. 852
Division A
Opinion Filed June 16, 1939

*Watson & Pasco & Brown,* for Appellants;

*Coe & McLane,* for Appellee.

Thomas, J.—In the order of the chancellor from which this appeal is taken he found that the bill of complaint "as amended by the bill of particulars" showed a waiver by defendants of the provisions of a contract requiring a final certificate of an architect as a condition precedent to the institution of the suit to foreclose a contractor's lien, and consequently denied the motion to dismiss the bill.

From the pleadings which the chancellor mentioned in his order the following allegations and statements appear: Appellants employed appellee to construct a dwelling house and to furnish all material and labor to that end. He fulfilled his contract and appellants paid the amounts due for work done and material furnished except the sum of

$2,859.04, which appellant M. J. Clement offered to pay if there were deducted the items of $350.00 for defective workmanship and $550.00 for demurrage.

The contract which the parties signed contained the following provision:

"*Article 5. Acceptance and Final Payment.*—Final payment shall be due ten days after substantial completion of the work provided the work be then fully completed and the contract fully performed. Upon receipt of written notice that the work is ready for final inspection and acceptance, the Architect shall promptly make such inspection, and when he finds the work acceptable under the contract and the contract fully performed he shall promptly issue a final certificate, over his own signature, stating that the work provided for in this contract has been completed and is accepted by him under the terms and conditions thereof, and that the entire balance found to be due the Contractor, and noted in said final certificate, is due and payable."

Appellee alleged, and maintains here, that the offer by the appellant M. J. Clement to pay the balance due after the above credits were allowed was a waiver of the condition precedent in the quoted paragraph of the agreement.

The architect originally employed by appellants lived in a distant city and neglected his duties as supervisor of the construction. He was replaced by another who, in turn, was discharged. In the interim appellants attempted to serve in that capacity for two or three months. A third architect then undertook supervision of the work but, because of his unfamiliarity with the construction throughout its progress, felt he was not qualified to execute the final certificate in accordance with the terms of the contract.

It appears from the briefs that there is no contest about the validity of the stipulation that the architect inspect the work at completion and certify that it was done as re-

quired by the terms of the contract. The real point in the controversy is whether, in the inability of the architect to make the certificate because of lack of knowledge and in the offer of payment of the balance due less deductions for disputed items, the owner may be said to have waived the safeguard given him by such a certificate.

The provisions for final approval by one sufficiently versed to give it is, of course, for the protection of the owner, so that he may know from one of experience in designing and constructing buildings that the contractor has followed the plans and specifications, hence has earned the amount agreed to be paid him. It is understandable why the architect last engaged was reluctant to assure the owners that the whole work had been properly done when two others of his profession had served during the process of construction and for a period of two or three months the owners, themselves, had undertaken to act in that capacity. Yet, if because of these conditions a certificate was not forthcoming, to whom should the absence of it be charged? Obviously the contractor was not to blame. The confusion seems to have resulted from matters within the owners' control, hence they, if any one, should suffer.

When the appellant, M. J. Clement, offered to pay a part of the balance and specified items which he claimed as set-off he did so without benefit of the certificate. From this position and his course of conduct in employing an architect living at great distance, engaging another and meanwhile proceeding without any such adviser for two or three months while relying on his own knowledge of such matters, thereby making it impracticable to obtain a final certificate of completion, he waived the necessity of such condition precedent to bringing the suit. See Edward Edinger Co. v. Willis, 260 Ill. App. 106.

The order is affirmed.

■

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

JUSTICES WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.