82 So.2d 675 (1955)
Walter PORANSKI and Sophie Poranski, his wife, Appellants,
v.
S.T. MILLINGS and L.O. Millings, T and d/b/a Palm Beach Dredging Company (not incorporated), Appellees.
Supreme Court of Florida. Special Division A.
July 15, 1955.
Rehearing Denied October 3, 1955.
*676 Paty, Downey & Paty, West Palm Beach, for appellants.
James Nemec, West Palm Beach, for appellees.
THORNAL, Justice.
Walter Poranski and wife appeal from a final decree of the Circuit Court of Palm Beach County entered upon a complaint to cancel a claim of lien and for declaratory decree and other relief filed by them against appellees S.T. Millings and L.O. Millings, doing business as Palm Beach Dredging Company, who filed a counterclaim.
The parties entered into a written contract dated December 5, 1951, whereby Millings agreed to do certain hydraulic dredging and filling on waterfront owned by the Poranskis for the total sum of $10,000, payable in semi-annual installments to be evidenced by a series of promissory notes. The contract provided that the notes were not to be delivered "until the work is completed and certified to by James N. Borowski, Consulting Engineer * * * as being is accordance with the above specifications and the annexed Cross-Section Drawings".
The Cross-Section Drawings mentioned were prepared by Borowski, as Engineer for Poranski, and they purportedly set a grade for a 9-foot fill to be made by Millings. For some reason the drawings were not attached to the contract although the record shows that Millings was familiar with them and had, of course, seen the grade stakes set by Borowski on the ground. It appears that during the dredging process these stakes settled with the result that even though the fill had been made to the elevation indicated by the stakes, it would not have been 9 feet as originally contemplated. It also appears that the shortage of fill was due in part to subsidence, which results from the pressure created by sand fill placed over muck. According to the record Millings did not allow adequately for this subsidence.
About July 5, 1952, Borowski, as Engineer for Poranski, checked the elevation of the fill and found that there was a deficiency varying from 0 to 3 feet; that is, at some points the elevation was a full 9 feet, at some points it was as low as 6 feet approximately. When this condition was brought to Millings' attention, he insisted that it resulted because of the failure of Borowski, the agent of the Poranskis, to maintain the grade stakes at the proper elevation and that he had filled the area according to the stakes set by Poranskis' agent as required by the contract. Borowski, on the other hand, asserts that the shortage was due to subsidence. The Circuit Judge found that it was due to both. The record sustains this conclusion.
When Poranski demanded that Millings complete the fill, Millings did some work but finally left the job. This suit resulted, when Millings filed a claim of lien against the land for around $14,000, allegedly for work done on the land including many claimed extras. Poranski by his complaint requested the Circuit Judge to determine the extent of his liability under the contract and cancel the claim of lien which was on record. By counterclaim Millings requested that his lien be enforced against the land. By order on a motion for summary decree the Circuit Judge limited the issues for the taking of testimony to: (1) a determination of compensation, if any, for work done which was specifically mentioned in the written contract, and (2) a determination of compensation, if any, for *677 work done which was requested by Poranski but not specifically mentioned in the written contract.
After hearing the testimony, the Circuit Judge concluded that there was a shortage in fill; that it was caused in part by failure of Poranski's employees to maintain at proper levels guide stakes for which they were responsible; also in part by failure of the dredging company to allow for subsidence. The Judge further found that Poranski had accepted the work as done and had derived benefit therefrom for which in equity and good conscience Millings should be paid. He decreed that "it seems fair and equitable" to allow Poranski a credit of $3,000 on the agreed price leaving a balance due Millings in the amount of $7,000. In addition he found $182.50 due for extras. There is no dispute about the extras. We cannot, however, find any evidence to support the other figures.
On appeal Poranski insists on applying the strict terms of the contract. He relies on the proposition that the contract required that the work be certified by Borowski, as Consulting Engineer, before payment would have to be made and that no such certification was obtained by Millings. He contends that the case was tried entirely on the basis of the written contract, that Millings has failed to perform the contract strictly in accordance with its provisions and, therefore, he should be paid nothing.
On the other hand, Millings insists that it was useless for him to try to obtain the certificate of Borowski for the obvious reason that the deficiency in the fill, so he alleges, resulted from Borowski's failure to maintain the grade stakes at proper levels. Further, he asserts by way of counterclaim that he completed the contract in good faith according to its terms and that at all events Poranski has benefited substantially from the work that he has done and that he should be paid for this work.
There is no competent and sufficient evidence on the extent of the damage suffered by Poranski because of the deficiency in the fill, caused by Millings' failure to allow for subsidence, nor is there any on the extent of such subsidence.
We cannot agree that the failure of Millings to obtain the certificate of the Engineer Borowski constitutes an impediment to the recovery of any sum justly due Millings under the circumstances of this case. Borowski was the agent of Poranski. The record shows that in some measure he was at least partially responsible for the deficiency in the fill. It is admitted in the briefs of appellants that it would have been useless to have attempted to obtain such a certificate from the Engineer. Under the circumstances recited Millings was not to blame for any error committed by Poranski's agent. See Clement v. Pensacola Builders Supply Co., 138 Fla. 629, 189 So. 852. Nevertheless, the present action of necessity was grounded basically upon the contract itself even though there was a failure on the part of both parties to the contract to comply strictly with its specific stipulations. 9 Am.Jur., Building and Construction Contracts, Sec. 118, p. 75. The Circuit Judge was correct in ruling to this effect.
Poranski further contends that Millings should not be permitted to recover to the extent that his labor benefited the appellants for the reason that an action of quantum meruit will not lie where an open and unexecuted contract exists between the parties. He cites Hazen v. Cobb-Vaughan Motor Co., 96 Fla. 151, 117 So. 853. This is not properly an action on the quantum meruit. Moreover, this Court has held that the doctrine last announced is not applicable to a case in which the contract has not been fully performed but that it applies only in cases where there has been full performance of the contractual obligations. Williams v. Board of Public Instruction of Flagler County, Fla. 1952, 61 So.2d 493.
The appellee, Millings, contends that Poranski cannot question his right to recover for the work done for the reason that Poranski has accepted the benefits of the work It is true that Poranski has benented from the labors of Millings and as we shall see *678 Millings is entitled to recover something for his labor. However, his recovery cannot be grounded strictly on the rule that Poranski has accepted the benefits and has not returned them for the reason that this case involved improvements to land and there was no way under the circumstances that Poranski could have avoided acceptance. He, certainly, could not have dislodged the fill and returned it to Millings. 58 Am.Jur., Work and Labor, Sec. 51, p. 553.
We have concluded from a careful examination of this record that the Circuit Judge ruled correctly in holding that complete performance of the contract was prevented by both parties. They, therefore, are relegated to a position where it will be necessary to determine from competent and sufficient evidence the extent of the deficiency in the fill caused by each. When this has been done, Poranski should be allowed a reduction in the agreed contract price to the extent of the damage to him resulting from the failure of Millings to allow for subsidence. The Circuit Judge apparently attempted to do this by allowing $3,000 against the price agreed to be paid. However, the record is entirely devoid of any competent and sufficient evidence that justifies this division of the financial responsibility. The rule which we have announced is applicable to building contracts where there has been substantial performance by the contractor and the owner refuses to pay the contract price because of the failure of strict performance. It appears to us that in this case the so-called "substantial performance rule" should apply. See 9 C.J., Building and Construction Contracts, Sec. 149, p. 810; and 17 C.J.S., Contracts, §§ 508 and 509, pp. 1085-1087.
It is difficult to determine from the record whether there has actually been a substantial performance by Millings to the extent covered by the rule announced in the authorities cited because part of the deficiency was occasioned by failure of Poranski's employees. However, under the peculiar circumstances of this particular case it appears to us that the application of this rule will result in substantial justice between the parties, and it should be followed.
The final decree, therefore, is affirmed, except as to the finding as to the amount due by Poranski and the amount of the credit to be allowed him for damages for the failure of Millings to complete the contract as stipulated The evidence is presently insufficient to form a conclusion on this point. The decree is reversed for the purpose of taking testimony to determine the extent of damage suffered by Poranski because of Millings' failure and to reduce the contract price by this amount.
We find no error in allowing Millings a laborer's lien against the land improved for the amount ultimately found to be due upon submission of adequate proof thereof.
The final decree is affirmed in part and reversed in part, for further proceedings in accordance with this opinion.
DREW, C.J., TERRELL and ROBERTS, JJ., concur.