114 So.2d 626 (1959)
WINDOWMASTER CORPORATION, a Florida corporation, Appellant,
v.
JEFFERSON CONSTRUCTION CO., a Massachusetts corporation, authorized to do business in the State of Florida, Appellee.
No. 58-757.
District Court of Appeal of Florida. Third District.
October 1, 1959.
Rehearing Denied October 14, 1959.
*627 Wasman & Kehoe, Miami, for appellant.
I.R. Mayers, Miami, for appellee.
PEARSON, Judge.
The appellee as plaintiff in the trial court sued for the alleged breach of a written contract. This appeal is from a final judgment for the plaintiff which followed a jury verdict. The only question presented upon this appeal is whether the trial court was in error upon its refusal to direct a verdict for the defendant at the close of the plaintiff's case. We hold that the facts proved failed to establish liability and the judgment is reversed.
The complaint alleged the following: 1) The plaintiff was preparing its bid, as a general contractor, on the construction of a large building and in order to place its bid it was necessary for the plaintiff to obtain quotations and contracts from subcontractors. 2) The plaintiff furnished the defendant with a copy of the plans and specifications of the proposed building and the defendant submitted its quotation to the plaintiff to supply certain materials and services at a certain price. 3) A formal contract embodying plaintiff's acceptance of defendant's bid was signed by the parties. 4) The defendant breached the contract by failing to furnish the materials and services. 5) As a result thereof the plaintiff was compelled to go into the open market and secure from others the materials and labor the defendant had agreed to furnish. 6) The plaintiff suffered a loss of $2,051, said amount being the difference between the contract price and the price paid upon the open market. The defendant's answer included an affirmative defense alleging that liability under the contract was precluded by the following specific provision therein:
"WindowMaster to fulfill contract supplying products designed and manufactured by WindowMaster Corp. and to be approved and accepted by Owner's and Architects and Contractor."
Our question then is whether this provision of the contract itself taken together with the admitted facts of the case precludes liability of the defendant.
Plaintiff's evidence revealed that the plans and specifications for the building to be constructed called for windows of a certain type by their trade name but further specified that where the trade name was mentioned in the specifications it was for the purpose of establishing quality or design and that it was not intended to exclude products of equal quality and similar characteristics. It was further provided therein that all decisions as to the suitability and quality of materials and equipment proposed by bidders would be made by the architect. Thereafter the defendant inserted the above quoted provision in its contract with the general contractor. It is *628 further revealed that the owners and the architect failed to approve the defendant's product.
The complaint is for breach of the written contract. However, the general contractor's position upon the admitted contract provision is that it became the duty of the supplier to secure, or to be sure of securing, the approval of the owner and architect for the use of supplier's products before it gave the quotation to the plaintiff and entered into the contract to supply the materials.
The record contains considerable testimony of the parties as to the representations, negotiations and conversations which preceded and accompanied the making of the contract declared upon. The representations sought to be established are presumed to have merged in the written contract. Jacksonville Paper Co. v. Smith & Winchester Mfg. Co., 147 Fla. 311, 2 So.2d 890.
It is apparent from a consideration of the contract which is attached to the complaint that it included in its terms a provision that the defendant was to fulfill the contract only by furnishing its own products and only if its products were approved and accepted by third parties. Such an agreement is subject to the consent of the third party and is therefore a conditional agreement. Liability will arise under such a contract only when the condition has been met, that is when the third party has performed the condition which is made the predicate for liability on the contract. O'Brien v. Fricke, 148 Neb. 369, 27 N.W.2d 403; Green River Steel Corp. v. Globe Erection Company, Ky.App. 1956, 294 S.W.2d 507. Schoenfeld v. De Puy, Tex.Civ. App. 1933, 58 S.W.2d 574; cf. Mann v. Thompson, Fla.App. 1958, 100 So.2d 634, 637; Golden Heights Land Co. v. Norman Babel Mfg. Co., Fla.App. 1958, 102 So.2d 858. This general proposition may be subject to exception in particular circumstances which are not applicable here. See Clement v. Pensacola Builders Supply Co., 138 Fla. 629, 189 So. 852; Duval County v. Charlestown Engineering & Contracting Co., 101 Fla. 341, 134 So. 509, 514; Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421, 427. The plaintiff's evidence, as well as his pleadings reveal that defendant's materials were never approved for use upon the job. There is no allegation or proof that the defendant failed in diligence or any other duty that might possibly have been implied from the facts.
It therefore appears that under the terms of the contract sued upon there could be no liability under the undisputed facts in this case. The judgment is reversed with directions to the court to enter a judgment for the defendant.
Reversed.
HORTON, C.J., and CARROLL, CHAS., J., concur.