PER CURIAM.
The appellant, who was the plaintiff in the trial court, appeals a final judgment which was entered after a non-jury trial.
In the final judgment, the trial judge set out his determination of the facts as follows :
“a. That the Plaintiff and Defendant entered into a contract dated April 22, 1961 wherein the Defendant agreed to fill certain properties from certain designated areas to elevations as set forth in the exhibits attached to said contract.
*921 “b. That the Plaintiff complains that the Defendant failed to pay for all fill material used or that should have been used under the terms of the contract and that the Defendant would be indebted for a total amount of FIFTEEN THOUSAND FOUR HUNDRED NINETY and 50/100 ($15,490.50) DOLLARS wherein the Defendant had paid as of the date of trial the sum of ELEVEN THOUSAND THREE HUNDRED FIFTY and 50/100 ($11,350.50) DOLLARS.
“c. That the testimony of the surveyor reflects that the ELEVEN THOUSAND THREE HUNDRED FIFTY and 50/100 ($11,350.50) DOLLARS paid by the Defendants to the Plaintiff is the amount of money representing fill removed from the dredging area.
“d. That the Plaintiff complains that the filled area was not properly brought to grade within the meaning of the terms of the contract dated April 22, 1961 and the testimony of the Defendant’s witnesses established that said filled area was dredged in excess of the elevation required under the terms of the contract so that any deficiency in grade has been caused through settlement over the intervening years from the time of dredging until the date of trial.”
Based upon these facts, the trial judge concluded that the plaintiff had failed to carry the burden of proof in order to show that it was entitled to recover any money from the defendant, and thereupon, entered judgment for the defendant. The plaintiff-appellant has failed to demonstrate that any of the facts found by the trial judge are against the manifest weight of the evidence, or that the conclusion reached from the facts is not supported by the law. Accordingly, we affirm.
Appellant’s reliance upon Poranski v. Millings, Fla.1955, 82 So.2d 675 is misplaced because the principle relative to responsibility for subsidence of fill therein set out (that a purchaser of fill should be allowed a reduction in the agreed contract price to the extent of damage to him resulting from the failure of the contractor to allow for subsidence) is not applicable to the instant case. In the cited case, Poranski was a landowner, and the principle set forth was applied to a dredging company which had agreed to fill the landowner’s land to a permanent grade level for a specific price. In the instant case, the plaintiff is not the landowner; it is the seller of the fill who wishes to enforce upon the landowner an agreement to purchase what the contract between the parties describes as “sufficient fill * * * to bring the * * * properties to the specification of grade level set forth in the attached and referenced map.” Under such a condition it cannot be implied that the contract between the parties required the defendant-landowner to purchase sufficient fill to anticipate subsidence to a definite time in the future.
Affirmed.