Case 116.—ACTION BY JOHN B. COYLE AGAINST THE
LOUISVILLE & NASHVILLE RY. CO. FOR BREACH OF
CONTRACT IN THE SALE OF TIES.—Dec. 4.

## Louisville & Nashville R. Co. v. Coyle.

Appeal from Rockcastle Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Contract—Sale of Railroad Ties—Mutuality—Part Performance
—Effect—The plaintiff in a letter to the agent of defendant proposed to furnish him good ties at present prices, or any price
which might hereafter be established, to which the agent replied, agreeing to take "all the ties you put on at Gap within
the next twelve months," and in pursuance thereof the plaintiff delivered 1,079 ties within two months thereafter, which
were accepted and paid for by the agent, who then refused
to accept any more. Held that, while the contract was lacking
for mutuality in the proposition made and accepted, a part
performance thereof made it binding on both parties.

2. Breach of Contract—Action For—Ties not Delivered—Ties not
Made—Measure of Damages—In an action for damages for
breach of contract for the sale of 6,000 railroad ties to be delivered at a specified point on the railroad within twelve
months, where the purchaser accepted and paid for 1,079 ties
delivered, and refused to accept any more, leaving the plaintiff with 288 ties on hand not delivered, for which there was
no market near the place of delivery, the measure of damages
on the manufactured ties was the difference between the contract price and the price at which the owner was obliged to
sell them; and as to the ties not made, the measure of damages was the difference between the contract price and the
market price, which latter was the price the plaintiff could
purchase them for, from others.

### ON REHEARING.

3. When plaintiff made an offer to sell ties to be delivered
"this year and next," and defendant answered offering to take
all ties delivered "within the next twelve months" there was

a closed contract on plaintiff indicating his assent by his conduct.

JOHN T. SHELBY for appellant.

### PROPOSITIONS AND AUTHORITIES.

1. There was no mutuality in the alleged contract, and the defendant had at any time the right to refuse to accept further deliveries of ties; 9 Cyc. 327-9; St. Louis, &c. R. R. Co. v. Mathews, 64 Ark. 398 (39 L. R. A. 467); Offord v. Daviess, 12 Com. Bench Rep., N. S. 748.

2. As to the 288 ties on hand at the time of the alleged breach the court erred in prescribing the measure of damages as being the difference between the contract price and what plaintiff sold them for. The legal measure of damages was the difference between the contract price and the market price at the time of the breach.

J. W. BROWN for appellant.

BENJAMIN D. WARFIELD of counsel.

### PROPOSITIONS AND AUTHORITIES.

1. There was nothing in the alleged contract that bound the plaintiff to perform any part of it, therefore it did not bind the defendant; Boucher v. Vanbuskin, 2, Mar. 346.

2. A contract negotiated by letter, the answer must comprehend the whole of the proposition, be exactly equal in its extent and provisions without qualifying them with any new terms. The answer in this case was not a simple acceptance, but qualified the provisions proposed in the letter to which it was the answer. Hence there was no contract: Chitty on Contracts, Vol. 1, 15; Hutchison v. Blakeman, 3 Met. 81.

3. The verdict is not sustained by the evidence, but is flagrantly against the weight of the evidence.

C. C. WILLIAMS for appellant.

1. We submit that the appellee having performed a part of his contract, and the appellant having taken the benefit of the part that was performed, has no right to say it will not perform its part of the contract.

2. The true criterion of damages in this case is the difference between the actual cost to appellee of delivering the ties contracted for at the gap, and the contract price.

3. This suit was not for the purpose of compelling a specific execution of the contract, but for damages for its breach.

AUTHORITIES CITED.

9 cyc., page 329; Cooper v. Lansing Wheel Co., 94 Mich. 272; 3 page on contracts 2414; Flood, &c. v. Herring, 22 Ky. Law Rep. 1727; Reed v. Ill. Central R. R. Co., 25 Ky. Law Rep. 392; 9 Ky. Law Rep. 4031; 1st Sedwick on Damages 117-19.

Opinion by John D. Carroll, Commissioner—Affirming.

To recover damages for breach of contract, appellee brought this action. The contract relied on is found in the following letters: "Boone, Ky., August 16, 1902. Mr. P. Jones, Paris, Ky.—Dear Sir: I have a chance to buy a lot of nice timber which might take me the rest of this year and the next in a small way to have made up in ties and get them on. Will you take all that I could furnish—It would not exceed six thousand ties, at the present prices or any price that might hereafter be established. Let me hear from you soon." On the following day, Jones, who was roadmaster for appellant, replied: "J. B. Coyle—I will take all the ties you put on at Gap within the next twelve months, provided they come up to regular specifications. Respectfully, P. Jones, R. M." Under this contract, Coyle furnished 1,079 ties, which were accepted and paid for previous to October 10, 1902, upon which date he was notified by Jones that the company would not receive or pay for any ties after October 29th, unless the attachment suit that appellee had instituted against one of appellant's employes was dismissed, and, upon the failure of appellee to dismiss the action, appellant refused to receive from him any ties after October 29th. Appellee, at the time the contract was broken, had on hand a number of ties, and testified that he could and would have delivered to appellant, within 12 months from the date of the contract, and at the point therein designated, a sufficient number of suitable ties to make the 6,000 contracted for.

Appellant insists that there was no mutuality in the contract, and therefore it was not binding upon either party, and could be broken at any time by either. This argument is rested upon the ground that the letter written by Jones is not an acceptance in terms of the offer made by appellee, as the offer was to furnish the ties "the rest of this year and the next," and no place was specified for their delivery, nor was the class of ties described, whilst the letter of Jones said that he would accept all the ties put "on at the Gap within the next twelve months, pro-vided they came up to regular specifications." It may be said for the reason indicated that this letter and the reply did not constitute a binding contract upon either party (N. Y. Life Ins. Co. v. Levy, 122 Ky., 457, 92 S. W., 325, 29 Ky. Law Rep., 6), but it was a contract not required by the statute of frauds to be in writing, and a part performance of it relieved it of the lack of mutuality contained in the writings. The letters which were uncertain were made definite by the conduct of the parties in construing them and performing the contract, and when the contract was thus accepted and performed in part by both of the parties, it became a binding obligation upon each of them, and neither could thereafter abandon or break it without responding in damages to the other. Where the performance of a contract not required to be in writing is not compulsory on one party, and he has an election to perform or not as he chooses, and he elects to perform his part of the contract, and the other party accepts his election, the want of mutuality is thereby eliminated, and he may then have a specific performance in proper cases against the adverse party although no cause of action would originally lie for a breach of performance. Page on Contracts, sec. 1619; Allen v. New Domain Oil & Gas Co., 73 S. W.

747, 24 Ky. Law Rep., 2169; Hoffman v. Colgan, 74
S. W., 724, 25 Ky. Law Rep., 98; James Lowe v. Ayer
& Lord Tie Co., 97 S. W., 383, 29 Ky. Law Rep., 1302;
Cooper v. Lansing Wheel Co. (Mich.) 54 N. W., 39, 34
Am. St. Rep., 341.

It is also urged that the court misinstructed the
jury in defining the measure of damages that appellee
might recover.   The instruction upon this subject is
as follows: ''If you find for the plaintiff, you will find
for him such a sum in damages, for the cross-ties
he owned at the time the defendant refused, if it did
refuse, to take any more ties, as will equal the differ-
ence between the contract price and the price for
which plaintiff sold such ties, and the profits, if any,
that the plaintiff would have realized on the remainder
of the 6,000 ties to be delivered, such profits to be as-
certained by deducting the difference if any between
the contract price between the plaintiff and defendant
and the market price of ties on defendant's line of
railroad at Boone Gap, and such further deduction
as you find from the evidence to be reasonable for
the less time engaged by plaintiff and for his release
from the care, trouble, risk, and responsibility attend-
ing a full execution of the contract.'' It is said that
the measure of damage for the failure to take the
288 ties on hand was the difference between the con-
tract price and the market price at the time of the
alleged breach, and generally this is the correct rule
in estimating damages for breach of contracts such
as this, but it appears from the evidence that there
was no purchaser for these ties at or near the place
they should have been delivered except appellant—in
fact, no market at all for the ties at or near the place
of delivery, and therefore the market value of the
manufactured ties could not be fixed—and where the
facts of the case are such that the market price of the
property cannot be determined with reasonable cer-

tainty, or when there is no purchaser for the property except the person with whom the contract is made and who has broken it, it is necessary that some other criterion of damage should be established in order to afford the person injured relief for the loss he has sustained. And, in this case, the loss he sustained on the manufactured ties was the difference between the contract price and the price at which he was obliged to sell the ties. Sedgwick on Damages, sec. 250; Sutherland on Damages, sec. 52. As to the ties not manufactured, the testimony showed that appellee could procure ties delivered at the Gap for a certain price which was less than he was being paid by appellant, and therefore as to ties not manufactured, the court properly instructed the jury that the measure of damage was the difference between the contract price and the market price, which latter was, in effect, the price appellee could purchase for.

Perceiving no error in the judgment, it is affirmed.

Response to petition for rehearing.

Writings must be reasonably construed in view of the situation and intention of the parties. It was manifestly contemplated by Coyle when he wrote his letter that the company would indicate when the ties were to be delivered and what ties it would take. When it indicated this and he assented to its action, the contract was closed. This assent might be in express words or it might be inferred from conduct of which the company had notice. The proof shows conduct on the part of Coyle from which his assent should be clearly inferred. The contract bound Coyle to deliver as many of the ties as he could get by ordinary care and diligence in the time fixed and was not lacking in mutuality.

On the whole record, the ends of justice do not warrant a new trial. Petition overruled.