## Ames Body Corporation v. Ralph.

(Decided November 14, 1924.)

### Appeal from Ohio Circuit Court.

Sales—Measure of Damage for Breach of Contract to Buy Timber to be Manufactured Stated.—Where seller of timber to be manufactured into lumber of specified dimensions having a market value, on buyer's refusal to accept and pay after partial acceptance and payment, manufactured and sold balance of timber into crossties, he could recover only profits lost, being difference between contract price and market price at place of delivery, less reasonable deductions for time saved and care and risk avoided; but, when article has no market value, seller could sell it at best price obtainable, and recover difference between amount received and contract price.

E. B. ANDERSON, W. FOSTER HAYS and HEAVRIN & MARTIN for appellant.

A. D. KIRK, W. H. BARNES, C. E. SMITH and CLARENCE BARTLETT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellee and plaintiff below, R. A. Ralph, brought this ordinary action in the Ohio circuit court against defendant and appellant below, Ames Body Corporation, which as its name indicates is a corporation, to recover

damages for refusing to comply with an alleged oral contract made on or about August 10, 1920, whereby plaintiff agreed to saw and manufacture 50,000 feet of specified dimension lumber for defendant and for which it agreed to pay the price of $50.00 per thousand feet f. o. b. cars Dundee, Kentucky. It was alleged that after plaintiff had entered upon his part of the performance of the contract by sawing his timber into lumber and had sawed of the proper dimension 9,905 feet, defendant declined to take it or any other lumber to be manufactured and in fact repudiated the contract, for which the damages as set out in the petition were claimed. They consisted, as alleged, in the contract price for the lumber already sawed; $14.85 for stacking it as per directions of defendant at $1.50 per thousand; and $600.00 representing the amount of plaintiff's alleged profit had he been permitted to fill the remainder of the contract. A demurrer filed to plaintiff's pleading was overruled and it answered denying the averments of the petition, but it is virtually admitted and it is conceded in briefs that there was a contract of the nature of that declared on, and it also appeared before the trial that defendant had accepted and paid for the lumber that was actually manufacturd, leaving only the items of $14.85 and the alleged profit to plaintiff that he would have earned had he been permitted by defendant to finish the contract. In the amended petition the amount of the recoverable profit was sought to be arrived at by averring that plaintiff manufactured the remainder of his timber, which he expected to use in filling his contract with defendant into crossties for which he realized only $23.00 per thousand feet and thereby lost the difference of $27.00 per thousand, for which he sought to recover the sum of $1,082.00.

The jury returned a verdict under the instructions given by the court in favor of plaintiff for the sum of $550.00, plus the item of $14.85, and defendant's motion for a new trial having been overruled it prosecutes this appeal.

Numerous errors are assigned as cause for reversal and elaborate briefs have been filed by respective counsel, but we do not consider any of the assigned errors of sufficient materiality to merit discussion except those to which reference will be made.

It is conceded in briefs, and practically so in defendant's answer, that there was such a contract of the general nature of the one relied on, but whether it was for the

manufacture of exactly 50,000 feet of the specified lumber, or for only such amount of it as the timber possessed by plaintiff on his land would make, is indefinite and by no means clear. However, that question can have no bearing upon the rights of the parties except as to the amount of damages under the correct ascertainable rule and measured by the quantity of lumber contracted for. The whole case beginning with the pleadings and running through the evidence, as well as the instructions, seems to have been practiced on what we conceive to be an entirely incorrect theory. It will be observed that the contract declared on and attempted to be proven was not for the sale of an article *already* manufactured, but was one to manufacture it in the quantity agreed upon and for which, when so manufactured, the defendant agreed to pay the designated price per unit.

The right of plaintiff to recover the contract price is also eliminated from the case because he never manufactured the balance of the timber after defendant repudiated the contract into the articles purchased by it, but on the contrary manufactured that timber into crossties, an entirely different article, and therefore the title to the purchased article to be manufactured in the future never passed to defendant and is therefore not involved. The only matter which was or could be litigated is the amount of damages, conceding the contract and its violation, which plaintiff is entitled to recover from being prevented from manufacturing the remainder of his timber into the character of lumber sold to defendant. The question is further narrowed by the subsequent conduct of plaintiff in converting his timber into crossties and disposing of them, for if he had continued to manufacture the lumber claimed to have been sold by him and had consumed all of his timber, then the question as to his right to recover the contract price, and perhaps other rights which he might have, would be presented. Since, however, that course was not pursued, we are confined to the single inquiry of the true criterion for measuring plaintiff's damages growing out of defendant's repudiation of the executory contract and depriving plaintiff of fulfilling it.

The rule in such cases seems to be that the seller may recover the difference, if any, between the contract price and the fair market value of the article at the time it was to be delivered under the contract if such time was specified, or if not at such a time as it could, under the

circumstances, be manufactured with ordinary diligence, with certain deductions hereinafter referred to. 23 R. C. L. 1412, and Louisville & Nashville R. Co. v. Coyle, 123 Ky. 854, 8 L. R. A. (N. S.) 433, 124 A. S. R. 384. In the latter case there was a contract for the purchase of unmanufactured crossties, and it was repudiated by the buyer before the ties could be or were manufactured, and the seller sued him for damages for repudiating the contract. The court instructed the jury that the measure of recovery for the unmanufactured ties was "the profits, if any, that the plaintiff would have realized on the remainder of the 6,000 ties to be delivered, such profits to be ascertained by deducting the difference, if any, between the contract price between the plaintiff and defendant and the market price of ties on defendant's line of railroad at Boone Gap, and such further deduction as you find from the evidence to be reasonable for the less time engaged by plaintiff and for his relief from the care, trouble, risk and responsibility attending a full execution of the contract," and this court approved that instruction.

Of course, if the article to be manufactured is such that it has no market value, the above rule would not apply, but in that case the seller could dispose of the article at the best price obtainable and recover the difference between what was received under that sale and the contract price, and both methods of measuring the damages under the respective states of circumstances are set forth in the text of 24 R. C. L. 86-7, and upheld in the Coyle opinion. The article purchased in this case, as we have seen, was not manufactured by plaintiff and there was no sale of it in such manufactured state made by him; neither was there any evidence to show that the character of lumber purchased did not have a marketable value in that vicinity. On the contrary, we know from general observation that the dimensions specified do have a market value, and it is our conclusion that the rule laid down in the Coyle case, *supra*, for the ascertainment of plaintiff's damages in not being permitted to manufacture the remainder of his timber should have been followed, and the evidence as well as the instructions of the court should have been directed to that end.

Both the evidence upon the measure of damages as well as the instructions thereon having been objected to by defendant and its objections overruled, to which it reserved exceptions, and both of which were erroneous

as we have seen, it results that the judgment should be and it is reversed with directions to grant a new trial and for proceedings consistent herewith.