## Ames Body Corporation v. Ralph.

(Decided December 8, 1925.)

### Appeal from Ohio Circuit Court

1. Evidence—Copy of Alleged Written Contract Properly Held Inadmissible, where Loss of Original or Signature by Either Party Not Shown.—Copy of alleged written contract held properly disregarded by court, where original was not produced, and there was no showing that original was lost or that either of parties ever signed it.  •

2. Appeal and Error—Verbatim Instructions, Directed to be Given on Former Appeal, Properly Given.—Instructions which were verbatim of those directed to be given by Court of Appeals on former appeal were properly given, as the opinion on the former appeal was the law of the case.

3. Sales—Measure of Damages for Breach of Contract to Buy Lumber to be Manufactured from Timber Stated.—Where buyer agreed to accept and pay for lumber to be manufactured from timber by seller, but after partial acceptance and payment refused to accept or pay for remainder, seller's measure of damages was the profits, if any, which he would have realized on remainder of timber, to be determined by deducting difference between contract and market price, and, as market price necessarily included cost of sawing and delivering lumber, court properly refused to allow buyer to prove what it would have cost seller to saw lumber.

E. B. ANDERSON for appellant.

KIRK & BARTLETT for appellees.

Opinion of the Court by Commissioner Hobson— Affirming.

The facts of this case are stated in the opinion on the former appeal. See Ames Body Corporation v. Ralph, 205 Ky. 565. On the return of the case to the circuit court the defendant filed an amended answer denying that it made the contract set out in the petition, and alleged that the allegations of the original answer on this

subject were made by mistake. The allegations of the amended answer were controverted by a reply. The case came on for trial before a jury, who found for the plaintiff. The defendant again appeals.

It is earnestly insisted for the plaintiff that the proof shows that the contract between the plaintiff and the defendant was in writing and that therefore the proof as to the oral contract was inadmissible. The proof that the contract was in writing is, in substance, this: While Ralph was on the witness stand, he was shown a paper and said that the defendant's agent at the time of the contract handed him a similar paper, but he could not state whether the paper shown him was just like it or not. The paper shown the witness was unsigned, and he says it was simply a sawing memorandum to show how the timber was to be cut. It is conceded in the evidence that the paper shown the witness was not the original paper and there was no showing that the original was lost. It was not produced and the plaintiff had not been called upon to produce it. There was no showing that either of the parties ever signed the paper or that it was anything more than a sawing memorandum. The copy of the paper was therefore properly disregarded by the court.

It is earnestly insisted that the court under the evidence improperly instructed the jury, but the instructions were verbatim those directed to be given by this court on the former appeal. That opinion is the law of the case. The evidence on this trial was substantially the same as on that trial. There was no error of the circuit court in refusing to allow the defendant to prove what it would have cost plaintiff to saw the lumber, for, as determined on the former appeal, the measure of recovery for the undelivered lumber was the profits, if any, the plaintiff would have realized on the remainder of the timber, such profits to be ascertained by deducting the difference, if any, between the contract price and the market price of the lumber at the shipping point, and such further deduction as was reasonable for the less time engaged by plaintiff and for his relief from the care, trouble, risk and responsibility attending a full execution of the contract. The market price of the lumber at the station necessarily included the cost of sawing the lumber and delivering it at the station, and the plaintiff was only allowed to recover the difference between such

market price and the contract price, subject to the deductions indicated. These deductions did not include the cost of sawing, for this was included in the market price of the lumber and the whole market price was deducted from the contract price

The circuit court and the parties are bound by the opinion on the former appeal. The rulings of the court were fully in accord with that opinion.

Judgment affirmed.