C. W. COOPER, *Appellant*, vs. W. H. PASSMORE, *Appellee.*
138 So. 48.
Division B.
Opinion filed November 30, 1931.

*Clark & Johnson* and *Loftin, Stokes & Calkins*, for Appellant;

*Chappell & Allen*, for Appellee.

WHITFIELD, P.J.—A bill of complaint by C. W. Cooper sought the cancellation of record of notices of mechanics liens filed by W. H. Passmore upon real estate of Cooper, the theory being that the liens were not authorized by the statute. By answer and cross bill Passmore asserted the validity of his liens and prayed for their enforcement.

The Court dismissed the original bill and decreed an enforcement of the mechanic's liens. An appeal was taken by Cooper.

By a contract between the parties, Passmore agreed to build certain houses for Cooper who agreed to pay Passmore "five hundred dollars on each house, this in addition to his daily wages, this amount is due and payable upon completion of each house, garage and garage apartment, and accepted by * Cooper." "Passmore agreed to rush work to completion as rapidly and economically as possible and to do the work agreeable to * Cooper."

Assuming that Passmore was entitled to liens for "five hundred dollars on each house in addition to his daily wages," the burden was upon Passmore to prove that he did "rush work to completion as rapidly and economically as possible and" did "do the work agreeable to *

Cooper;'' and that each house was completed and accepted by Cooper. This is not shown by the probative force of the evidence. If the ''completion of each house'' and its acceptance by Cooper were prevented by Cooper in violation of the intendments of the contract, Passmore's remedy is at law for a breach of contract.

Mechanics liens are acquired under the statute by the performance of labor not by the breach of a contract to perform labor.

Reversed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.