## Vermillion et al v. Marvel Merchandising Co., etc.

December 1, 1950.

Astor Hogg, Special Judge.

C. A. Noble for appellants.

Grover C. Wilson for appellee.

CLAY, COMMISSIONER—Reversing.

The controversy in this case arises on appellants' counter-claim for a breach of contract. On a trial of the

case, the jury returned a verdict for the appellee company. Appellants contend they were entitled to a directed verdict, and the instructions were erroneous.

On January 23, 1947, appellants ordered through appellee's salesman twenty-five washing machines at the list price of $115.50. The shipping date on the order was noted "as ready." A memorandum on the order specified: "If possible ship two with or without motors at once. Balance to follow as arrival of motors permit."

Two machines without motors were shipped soon after the order was sent in, and later motors for these machines were delivered to appellants. The other twenty-three machines were never delivered. On February 25 appellee, by letter, advised appellants it did not have definite information as to when motors would be received to fill any orders for "washing machine less motor," but it expected to receive the following week some machines with motors and two of these could be delivered at the price of $127 F.O.B. Chattanooga. Thereafter appellants insisted they were entitled to receive twenty-three machines at the original list price of $115.50, and appellee advised it could not furnish them at that price.

The controlling questions on this appeal are whether or not the evidence conclusively proves the existence of a contract to ship twenty-three washing machines at the price of $115.50, and the breach of it.

It is clear appellants offered to buy these machines at that price. Appellee contends that such offer was never accepted, and therefore there was no binding contract. The undisputed facts require a contrary conclusion. Soon after receiving the order, appellee began performance by shipping the two machines needed "at once." Obviously these were demonstrators to be used in promoting the sale of the other machines ordered. Appellants' offer was not to buy two machines, but twenty-five. Appellee's compliance with an essential part of the order was an unequivocal acceptance of it in its entirety, and appellants had an enforceable right to have the other machines shipped in accordance with the terms of the order at the price specified therein. See Louisville & Nashville R. Co. v. Coyle, 123 Ky. 854, 97 S. W. 772, 99 S. W. 237, 8 L. R. A., N. S., 433; and

Monarch Portland Cement Company v. P. J. Creedon & Sons, 94 Neb. 185, 142 N. W. 906.

The next question is whether or not this contract was breached. According to its terms the machines were only to be shipped "as ready" and when "arrival of motors permit." There is no clear showing in the record that these conditions materialized. However, appellee by its correspondence steadfastly refused to recognize its obligation to ship any machines at the price specified in the order. This was an anticipatory breach of the contract, and it was not necessary for appellants to show the terms of the contract had been fulfilled. They had the right to treat the renunciation as a breach of the entire contract. See 12 Am. Jur., Contracts, Sections 391 and 392; Globe Fertilizer Co. v. Tennessee Phosphate Co., 85 S.W. 1177, 27 Ky. Law Rep. 636.

We conclude that a binding contract existed between the parties, and that it was breached by appellee. Appellants were entitled to a directed verdict, and the only issue to be submitted to the jury was the amount of damages. Since the parties did not on this appeal discuss the measure of damages, and since we do not know what the evidence will be at another trial, we will not undertake to rule on this phase of the case. On a new trial the evidence should be limited to damages, and a proper instruction be given in regard thereto.

The judgment is reversed for proceedings consistent with this opinion.