Frank A. Gulotta, J.
This motion, made pursuant to rule 109 of the Buies of Civil Practice, attacks the sufficiency of each of five affirmative defenses set up in a supplemental answer and concludes with a request for summary judgment. The plaintiff and defendant are sisters and the action is based on a contract which, in the event of a proposed sale, purports to give to each of the parties a first option to purchase two parcels of *947 land, one owned in common by plaintiff and defendant, and the other owned by the plaintiff and another sister.
The parcel owned in common is called “ Hill House ” and the other parcel is called the “ Jones-0’Grady property”. Both were part of a larger tract inherited from the father of the parties.
While it is true that the first three affirmative defenses are unnecessary, since vagueness, lack of mutuality and purpose are put in issue by the denials, their inclusion is harmless and therefore may be ignored. The last two defenses, viz., waiver and anticipatory breach by plaintiff are not legally insufficient on their face, although just what conduct is supposed to have constituted a waiver is uncertain.
There can be no summary judgment in this case for the simple reason that the court cannot determine from a reading of the contract what the obligations of the parties are in the changed circumstances in which they now find themselves and where there are mixed questions of law and fact a jury question is presented.
This agreement is undated but appears to have been executed in 1953. Shortly thereafter “Hill House” was conveyed by the plaintiff and her sister 0 ’Grady, to her sister defendant and her husband. Plaintiff says it was all part of one transaction, but the agreement which was prepared by plaintiff, who is an attorney, makes no mention of a change in ownership about to take place, and we can only guess at what was intended.
Plaintiff herself took a conveyance of her sister’s share in the “ Jones-0’Grady ” parcel prior to the commencement of this action. What the consideration was, if any, is not disclosed, so whether this was a violation of defendant’s right of first refusal cannot be answered either. Enough has been said to indicate the need of a trial, without reciting the many other factual disputes in this case. Motion denied.