PER CURIAM.
The appellant, Coral Plaza Corporation, appeals from a final judgment rendered after a jury verdict. Coral Plaza was the plaintiff in a suit which it filed seeking to recover damages for an alleged breach of a written agreement by Moses Hersman, defendant. Hersman counterclaimed and was awarded $5,300.00 as his damages by the jury verdict.
The appellant submits five points on appeal for reversal. The first point concerns the refusal by the trial court to permit three letters offered by the plaintiff into evidence during the trial. Assuming arguendo, that the letters might have been admissible, the record reveals that there was oral testimony presented to the jury which contained the same evidence which would have been presented had the letters themselves been introduced into evidence. We do not find, under these circumstances, that the plaintiff was prejudiced by the refusal of the trial court to permit the intro *673 duction of the three letters into evidence. Fla.Stat. § 59.041, F.S.A.
The plaintiff also contends that reversible error was committed by the trial court judge in drawing up the jury charge and submitting a charge to the jury which was prejudicial and erroneous. We have examined the charge submitted to the jury and observe that it is not necessarily a model charge. Nevertheless, an examination of the charge as a whole does not indicate that it was clearly erroneous under the facts proven in this case. Sinclair Refining Co. v. Butler, Fla.App.1965, 172 So.2d 499; Stiles v. Calvetto, Fla.App.1962, 137 So.2d 17. We find that reversible error was not committed in this regard.
Assuming arguendo, that error was committed under one or all of the points claimed by the appellant, we agree with the point argued by Hersman to support an affirmance. The written contract between the parties provided certain remedies in the event that Hersman breached its terms and conditions. Article III provided in part:
“In the event of breach of this Article, this contract shall be null and void and the subcontractor shall be paid for the work which it has performed and the materials which it has furnished to the date of breach.”
Assuming that Hersman was at fault and that he did breach the contract, he was entitled, under the provisions of the contract, to be paid for the work which he had performed and the materials which he had furnished to the date of the breach. There was evidence before the jury concerning the amounts of money paid and labor expended upon the construction job in question. The amount of the verdict returned by the jury was within the range of the testimony and evidence presented by Hersman to establish the damages which he had sustained on this job. We find sufficient, competent evidence in the record to sustain the jury verdict and that no reversible error was committed in the trial of this cause. The final judgment herein appealed be and the same is, therefore,
Affirmed.