366 So.2d 90 (1979)
MASSEY-FERGUSON, INC., Appellant,
v.
SANTA ROSA TRACTOR COMPANY, INC., a Florida Corporation, Appellee.
No. EE-384.
District Court of Appeal of Florida, First District.
January 4, 1979.
Rehearing Denied January 29, 1979.
*91 Daniel C. Perri of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellant.
Louis K. Rosenbloum and S. Jack Carrouth of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
SMITH, Judge.
Massey-Ferguson, Inc., appeals from a judgment of the Circuit Court of Santa Rosa County assessing $38,312 compensatory and $50,000 punitive damages in favor of Santa Rosa Tractor Co., Inc., against Massey-Ferguson for the alleged wrongful termination of Santa Rosa's dealership contract in Massey-Ferguson tractors and parts. At the close of all evidence in a jury trial, the trial court directed a verdict for Santa Rosa, finding as a matter of law that Massey-Ferguson violated contract provisions requiring 90 days' notice by Massey-Ferguson for termination without cause. The case was submitted to the jury on the issue of damages only.
Massey-Ferguson's appeal questions the directed verdict, the amount of compensatory damages, the propriety of punitive damages, *92 and trial court rulings which excluded defensive evidence offered by Massey-Ferguson. We hold that the trial court erred in excluding Massey-Ferguson's offer in evidence of a letter signed and delivered to Massey-Ferguson by Vernie Barnes, Santa Rosa's president and principal stockholder. The letter, dated April 4, 1972, stated:
... the undersigned ... herein submit our intentions to terminate the relationship between the 2 companies within 30 days from the date of this notice.
It would be appreciated if we could settle our affairs at the earliest possible date.
Please govern yourself accordingly.
Had the letter been admitted, it would have made a jury issue on the question of whether the contract was terminated by mutual consent, foreclosing a directed verdict.
There is no contention by Santa Rosa that the letter was irrelevant. Indeed, Santa Rosa's counsel stated, in arguing for its exclusion, that "this document would seriously jeopardize our case." Santa Rosa's complaint was that Massey-Ferguson came unannounced to Santa Rosa's place of business in March and April, 1972, declared the business closed, and boxed and removed Santa Rosa's inventory of parts and equipment. The letter tended to support one of Massey-Ferguson's theories of defense, that the dealership agreement was terminated by mutual consent. Although the jury might have considered the letter inconsequential, because many parts had already been boxed for shipment on April 4, the jury could have taken a different view: that the letter consented to the termination and to Massey-Ferguson's removal of equipment pledged to it and of parts which Massey-Ferguson was contractually obliged to repurchase upon termination of the dealership.
The letter was not excluded because it was thought to be irrelevant. It was excluded on the ground that it tended to prove matters not pleaded by Massey-Ferguson. Massey-Ferguson's answer simply denied Santa Rosa's complaint that Massey-Ferguson wrongfully terminated the dealership and took away the parts and equipment. Massey-Ferguson did not plead either that Santa Rosa had previously breached the agreement  an omission fatal to Massey-Ferguson's attempt to show cause for ending the dealership without notice or consent  or that the dealership agreement was terminated by mutual consent of the parties or by notice from Santa Rosa to Massey-Ferguson. Massey-Ferguson's failure to plead its intended defenses was itself the product of counsel's prior oversight in failing to plead responsively until just before trial. Massey-Ferguson's long-standing motion to dismiss the complaint for failure to attach the contract had immediately been satisfied by the filing of the contract; but the motion to dismiss was never brought for hearing or superseded by an answer. A few days before trial, a judge other than the trial judge denied Santa Rosa's motion for default on the condition that Massey-Ferguson not attempt to raise affirmative defenses that might delay the scheduled trial.
In these circumstances, the trial court cannot be faulted for excluding Massey-Ferguson's proffered evidence that Santa Rosa previously breached the contract by selling tractors out of trust. Massey-Ferguson correctly argues here, as did the defendant in Babe, Inc. v. Baby's Formula Service, Inc., 165 So.2d 795, 798 (Fla. 3d DCA 1964), that "in order for the plaintiff to maintain its contract action, it must first establish performance on its part of the contractual obligations thereby imposed." Plaintiff's performance is a "condition precedent" to his action for defendant's breach, Babe at 798 and cases cited in n. 4, which should be alleged and proved prima facie. See Trawick, Florida Practice and Procedure, § 617 at p. 76 (1978 ed.); Carson, Florida Common Law Pleading Practice and Procedure, p. 76 (rev. ed. 1940); Crandall, Florida Common Law Practice, § 65 (1928). The deficiency of Santa Rosa's complaint in failing to allege its performance was not urged by motion to dismiss. Nevertheless, whether plaintiff's prior *93 breach of the contract sued on is regarded as an affirmative defense or, more properly, as a denial with particularity of a general allegation that conditions precedent to the action have been performed or have occurred, Fla.R.Civ.P. 1.120(c), Massey-Ferguson's responsive pleading contained no hint that Massey-Ferguson would assert that Santa Rosa materially and previously breached the contract. The trial judge aptly stated:
The purpose of pleadings is to make issues. The purpose of issues is for people to know what they've got to meet and get ready to meet it.
Thus, though a material omission from Santa Rosa's complaint contributed to the pleading debacle confronting the trial judge, and though Santa Rosa's counsel knew through discovery that Massey-Ferguson acted because it thought Santa Rosa breached the contract,[1] the trial court correctly held that craftsmanship in pleadings is yet an essential part of litigation and that evidence of Santa Rosa's asserted breach should be excluded.
The exclusion of Santa Rosa's April 4, 1972 letter is another matter. Of course, Massey-Ferguson should have pleaded as an "avoidance or affirmative defense" that its contractual obligations were discharged by Santa Rosa's consent to or notice of termination. Fla.R.Civ.P. 1.110(d). Yet "[a]n affirmative defense that is waived by failure to plead it can be resurrected by trying it with consent of the parties... ." Trawick, supra, § 14-6 at p. 210. Fla.R. Civ.P. 1.190(b) provides:
"If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits."
Santa Rosa's April 4, 1972, letter to Massey-Ferguson was admissible because its efficacy and the circumstances of its execution and delivery were first placed in issue at trial by Santa Rosa, during the direct examination of its president and principal stockholder, Mr. Barnes. Santa Rosa's counsel asked his client:
Q Did Mr. Bristo [of Massey-Ferguson] ever serve any kind of letter on you or give you any kind of written notice whatsoever that he was closing you down  from Massey-Ferguson Tractor Company?
A Yes, sir, he did.
Q What was that?
A He gave me a letter.
Q What letter?
A That he was going to close me down.
Q Was it from Massey-Ferguson?
A I couldn't tell you.
Q Mr. Barnes, I know you may not remember things as well  did you sign a letter later on, yourself, after he'd shut you down and packed up your stuff?
A Yes, sir.
Q Is that the letter you are referring to?
A Yes, sir, that's it.
Q That's a letter you signed.
A Yes, sir.
* * * * * *
Q I hand you at this time what purports to be a letter dated April 4, 1972, addressed to Regional Manager, Massey-Ferguson, Inc., 5193 Peachtree Industrial Boulevard, Chamblee, Georgia 30341, and it has a place for your signature. I'll ask you to look at that letter and see if you can identify it.

*94 A No, sir.
Q You can't identify it?
A No, sir, I can't.
Q Did Mr. Bristo, the representative from Massey-Ferguson, bring you a letter and ask you to sign it?
A Yes, sir.
Q When did he bring it to you and ask you to sign it?
A It was about the last week of March  somewhere in there.
Q How long was it before he moved out your equipment?
A He done had the majority of it boxed up.
Q When he asked you to sign that letter, did he move your equipment out right after that?
A Yes, sir.
Q Within a day or two?
A Five to seven days. Something like that.
Q Five to seven days after he asked you to sign the letter?
A Yes, sir.
Q When he asked you to sign the letter had he already packed up your stuff and told you you were out of business?
A Yes, sir.
On cross-examination, Massey-Ferguson's counsel interrogated Mr. Barnes as follows:
Q Mr. Barnes, did you sign a letter dated April 4, 1972, which terminates the contract with Massey-Ferguson?
A Yes, sir.
Q I show you  is this the particular letter?
A That looks like my signature, yes, sir.
Q Do you know who prepared this letter?
A Mr. Calvin Wilson's office.
Q Who is he?
A He was our attorney at the time.
* * * * * *
Q Did you consult with Mr. Calvin Wilson, your attorney?
A My attorney called me and asked me to sign that letter  that it would save my credit and give me a chance to settle with ...
Q Would you please start over. I don't think anybody heard you that time  I'm sorry.
A It would give me a chance to settle with Massey-Ferguson, and to save my credit.
Q Why was your credit in jeopardy?
A I don't think it was.
On redirect examination, Santa Rosa's counsel interrogated Mr. Barnes as follows:
Q Mr. Barnes, you said that your attorney wrote a letter that you signed, is that correct?
A Yes, sir.
Q What was the letter about?
A About closing it down.
Q About closing the Santa Rosa Tractor Company down?
A That's right.
Q When was the first knowledge you had about this letter? Was it before or after Mr. Bristo came and closed you down and packed your equipment?
A It was after he had it packed.
It is plain from the interrogation that Santa Rosa's counsel was surprised by his client's initial confusion and his unanticipated answer to a question concerning a letter from Massey-Ferguson. Yet it seems plain that the clarifying questions caused the letter to be identified and authenticated and that Santa Rosa's counsel elicited testimony concerning its purport and the circumstances of its execution, and so opened the door that had theretofore been shut tight against any effort by Massey-Ferguson to defend itself. Tactical inadvertence had initially slammed the door against Massey-Ferguson; and tactical inadvertence opened it a crack. The trial court pressed the consequences of Massey-Ferguson's pleading lapse too far by denying Massey-Ferguson the benefit of the exhibit after Santa Rosa exploited the letter for its own purposes during Mr. Barnes' direct examination. The unpleaded affirmative defense of mutual termination was thus tried by *95 consent; the April 4, 1972, letter should have been admitted; and a jury issue was thereby presented, foreclosing a directed verdict on liability for Santa Rosa.
The proffered exhibit was admissible for yet another reason. Santa Rosa sought and received an award of punitive damages, assessed by the jury at $50,000. Punitive damages are not awardable on contract claims absent the defendant's commission of "some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort."[2] Although Santa Rosa's complaint alleged no independent tort, its brief characterizes the tort as "trespass", referring to its allegation that Massey-Ferguson "willfully and maliciously came upon plaintiff's place of business without authority" and removed plaintiff's parts and equipment. In the light of Massey-Ferguson's contractual right to enter Santa Rosa's premises, its contractual obligation to re-purchase Santa Rosa's parts and equipment upon termination, and Santa Rosa's allegation that Massey-Ferguson refused to re-purchase, the claim of tortious conduct, justifying punitive damages, is slim indeed. But if the claim was sufficient in law, it drew into question, in a highly generalized and imprecise way, the matter of Massey-Ferguson's bona fides. In such circumstances, any evidence offered by the accused defendant, tending to justify or explain its allegedly malicious conduct, is admissible. Santa Rosa's letter of April 4, 1972, signed by its president and delivered on the advice of Santa Rosa's own lawyer, was such evidence; it tended to show a plausible reason for Massey-Ferguson's conduct thereafter. Given a lawsuit which counsel presented in an undisciplined state, the trial judge's effort to impose order by evidentiary rulings was understandable and commendable; but he erred in excluding from evidence the one document that the jury might have considered an amelioration of Massey-Ferguson's allegedly outrageous conduct.
On two grounds, therefore, the Santa Rosa letter was admissible and its exclusion was prejudicial. The case is REMANDED for new trial after a complete overhaul of the pleadings.
REVERSED.
McCORD, C.J., concurs.
BOYER, J., dissents.
BOYER, Judge, dissenting.
In my view there was no judicial error. Those matters which involved conflicting evidence were properly resolved by the jury. I would affirm.

ON PETITION FOR REHEARING
PER CURIAM.
The Petition for Rehearing is denied.
McCORD, C.J. and SMITH, J., concur.
BOYER, J., dissents.
BOYER, Judge, dissenting.
The majority reversed on pleading and evidentiary issues. As I indicated in my brief dissent, in my view there was no judicial error. Appellee, Santa Rosa Tractor Company, Inc., has now filed a Motion for Rehearing, which I would grant. I yet adhere to my original view that no error has been demonstrated. However, in any event, as pointed out in appellee's Motion for Rehearing, the majority opinion grants relief far beyond that indicated even by the majority opinion. First, the majority remands "for new trial after a complete overhaul of the pleadings". No party has requested an opportunity to "overhaul the pleadings". Both parties were represented at, and prior to, trial by competent experienced attorneys. Even under our lax modern day procedures, the issues to be tried are still framed by the pleadings. I find no basis in the record, particularly in the absence of a motion or request, for repleading. *96 Further, as pointed out in the Motion for Rehearing and, in my view, as demonstrated by the majority opinion itself, the exclusion of the letter discussed so thoroughly in the majority opinion could properly have affected only the award of punitive damages. Therefore there is no basis in the record for granting a complete new trial. At most, appellant is only entitled (because of the exclusion of the mentioned letter) to have set aside the award of punitive damages. However, even as to punitive damages, the record reveals (as does the majority opinion) that the thrust and contents of the excluded letter were before the jury in question and answer form, thereby rendering the letter itself cumulative. Accordingly, even if the learned trial judge did err in excluding the letter (with which conclusion I do not agree) that exclusion was harmless error. (See Coral Plaza Corp. v. Hersman, 220 So.2d 672 (Fla. 3rd DCA 1969) cert. denied 229 So.2d 867 and Delano Hotel, Inc. v. Gold, 126 So.2d 301 (Fla. 3rd DCA 1961). See also Petroleum Carrier Corporation v. Gates, 330 So.2d 751 (Fla. 1st DCA 1976).)
I would grant appellee's Petition for Rehearing, recede from our prior holding, and affirm the final judgment here appealed.
NOTES
[1] Santa Rosa's counsel stated in argument at trial that Mr. Bristo, Massey-Ferguson's principal agent, testified in his deposition "that the reason he closed Mr. Barnes down  the Santa Rosa Tractor Company down  was because he sold the Wells tractor and the Perez tractor out of trust. That would have been a splendid affirmative defense for counsel if he had decided to allege it. He did not, and he cannot now come into court and try to prove affirmative defenses not alleged in his answer."
[2] Griffith v. Shamrock Village, 94 So.2d 854, 858 (Fla. 1957); Henry Morrison Flagler Museum v. Lee, 268 So.2d 434 (Fla. 4th DCA 1972); MacDonald v. Penn Mutual Ins. Co., 276 So.2d 232 (Fla. 2d DCA 1973); Country Club of Miami Corp. v. McDaniel, 310 So.2d 436 (Fla. 3d DCA 1975).