PER CURIAM.
The sellers, Maritza Porkolab and Claudia Del Toro, appeal from a final order granting the defendants’ motion to dismiss. We affirm.
The sellers and the buyer, Smithbay Homes, Inc., entered into a contract for the sale of real property. At the time the parties signed the contract, the buyer tendered a $20,000 deposit which was to be held in escrow by John Thompson. Paragraph III of the contract specifically made the closing of this sale contingent upon the single family property being replatted so that it would be usable for two single family homes.
The buyer elected to terminate the contract because it could not obtain a new plat and requested a return of its deposit. The sellers would not return the deposit.
Instead, the sellers filed a complaint against the buyer and the escrow agent seeking damages for anticipatory breach and seeking a declaratory judgment to determine which party is entitled to the deposit. Smithbay Homes filed a motion to dismiss the complaint for failure to join an indispensable party, the realtor, Jeanne Baker, Inc., and for failing to state a cause of action. The trial court granted the motion to dismiss. The sellers filed an amended complaint against the buyer, the escrow agent and the realtor seeking damages for anticipatory breach and seeking a declaratory judgment. The trial court dismissed the amended complaint. ' The sellers then filed a second amended complaint for damages against the same three parties which was also dismissed. The sellers appealed.
The contract specifically made the closing of this sale contingent upon the seller’s ability to deliver title to real property usable for two single family homes. The sellers admitted in their pleadings that they could not deliver title to property usable for two single family residences. In light of the sellers inability to perform the condition precedent, the buyer properly cancelled the contract. See Hamilton v. Title Ins. Agency of Tampa, Inc., 338 So.2d 569 (Fla. 1st DCA 1976). The buyer did not commit an impermissible anticipatory breach. See Hospital Mortgage Group v. First Prudential Dev. Corp., 411 So.2d 181 (Fla.1982) (not entitled to damages despite anticipatory repudiation because had not performed conditions precedent); Morley v. Trafalgar Developers of Fla., Ltd., 455 So.2d 391 (Fla. 3d DCA 1984) (must show ability to perform conditions precedent in order for anticipatory breach to give rise to claim for damages), rev. denied, 464 So.2d 556 (Fla.1985). Cf. Venus Lab., Inc. v. Katz, 601 So.2d 630 (Fla. 3d DCA) (finding non-breaching party entitled to damages for anticipatory breach), rev. denied, 613 So.2d 12 (Fla.1992); Twenty-Four Collection, Inc. v. M. Weinbaum Constr., Inc., 427 So.2d 1110 (Fla. 3d DCA 1983) (finding anticipatory repudiation created cause of action for breach of contract). Accordingly, the trial court properly dismissed the count for anticipatory breach.
*197 As for dismissal of the declaratory action, we find that the trial court properly dismissed this part of the complaint where the contract is clear and unambiguous and presents no need for construction. See Burns v. Hartford Accident & Indem. Co., 157 So.2d 84 (Fla. 3d DCA 1963).
Affirmed.