139 So.2d 159 (1962)
Falcon PITTS and Mike McKinley, Individually, and D/B/a Unique Builders, Appellants,
v.
Erichc AHLSWEDE and Adeline M. Ahlswede, Husband and Wife, Appellees.
No. C-486.
District Court of Appeal of Florida. First District.
March 27, 1962.
Campbell & Andrews, De Funiak Springs, for appellants.
S.M. Preacher, De Funiak Springs, for appellees.
WIGGINTON, Judge.
Plaintiffs have appealed from a final decree dismissing their complaint to foreclose a mechanics' lien against property owned by defendants.
Plaintiffs are general contractors engaged in the business of constructing dwellings on property owned by others. They entered into a written contract with defendants whereby it was agreed that plaintiffs, for stipulated price, would furnish all labor and materials necessary to construct a dwelling on defendants' property in accordance with plans and specifications agreed upon by the parties. Before the work called for by the *160 contract was substantially completed a dispute arose with respect to compliance by plaintiffs with the contract specifications. As a result of this dispute further work under the contract ceased. Plaintiffs then instituted this suit to recover sums allegedly owed them for materials furnished and labor performed under the contract.
The pivotal point presented for the chancellor's consideration was a determination as to who was at fault in the dispute which brought further performance under the contract to an end. The evidence on this issue was in sharp conflict, the defendant contending that plaintiffs were at fault in not complying with the agreed plans and specifications. The decree of dismissal contains no findings or conclusions, so we do not have the benefit of any specific ruling by the chancellor on this crucial issue. The decree comes to this court clothed with a presumption of correctness. It is our task to determine from a review of the evidence whether, under any view thereof favorable to defendants, the chancellor's decree accords with the essential requirements of law.
From our examination of the record we hold that the chancellor would have been justified in finding that plaintiffs were at fault in the dispute which arose between the parties, and their abandonment of the contract constituted a breach thereof. If such were the conclusion reached by the chancellor, it must be held that his decree of dismissal was proper and should not be disturbed.
Under the mechanics' lien law a contractor may have a lien on real property improved by him for any money that shall be owing for labor or services performed or materials furnished by him in accordance with his contract.[1] It appears to be the general rule, however, that "In the absence of an adequate excuse [of] nonperformance or [a] waiver [there] of by the owner * * *, performance of his contract is necessary in order to entitle the contractor to a lien. The contractor is not entitled to a lien where he has not substantially performed his contract, or where he has failed to perform a material and considerable part of the work required under the contract, or where he has willfully or intentionally departed from, or failed to carry out, the terms of the contract * * *."[2] It likewise appears to be the general rule that "Where the contractor abandons the contract or ceases work before completion, he forfeits all right to a lien where such abandonment or cessation of work is due to his fault or is without sufficient grounds or excuse."[3] As said by the Supreme Court in Cooper, "Mechanics' liens are acquired under the statute by the performance of labor, not by the breach of a contract to perform labor."[4]
We have not overlooked the decision of the Supreme Court in Poranski.[5] In that case it was found that the contract had been substantially performed by the lien claimant, but that he failed to render complete performance because of a breach of contract by the landowner. By application of the substantial compliance rule it was held that the contractor was entitled to a lien on the land improved by him to the extent of the value of work performed under the contract. Because of the legal and factual distinctions between Poranski and the case we now review, the rule adhered to in the former has no application here.
In consideration of the evidence and the principles of law applicable thereto, we hold *161 that appellants have failed to demonstrate error in the decree appealed. The decree is accordingly affirmed.
CARROLL, DONALD K., C.J., and STURGIS, J., concur.
NOTES
[1] F.S. Section 84.02, F.S.A.
[2] Glazer v. Schwartz (1931) 276 Mass. 54, 176 N.E. 613; Mink et al. v. Heep et al., 223 App.Div. 220, 227 N.Y.S. 698; 57 C.J.S. Mechanics' Liens § 95, p. 605.
[3] 57 C.J.S. Mechanics' Liens § 96, p. 606.
[4] Cooper v. Passmore, 103 Fla. 744, 138 So. 48.
[5] Poranski v. Millings, (Fla. 1955) 82 So.2d 675.