HORTON, Judge.
Appellant, defendant below, seeks review ■of a final decree and judgment in an action for annulment and for money had and received. The appellee has taken an interlocutory appeal from a post decretal order ■denying her motion for attorney’s fees. 'These appeals have been consolidated and hoth will be disposed of in this opinion.
Claire Rosemond Kisiel commenced this -suit against the appellant, Ronald Peller, ■a/k/a Dante, in which she alleged (1) that ■she had gone through a ceremony of marriage with Peller while under the influence •of hypnosis induced by said appellant as a result of which she was rendered incapable •of exercising her own free will and judgment; (2) that at or about the time of the marriage ceremony, she was induced to turn over to Peller the sum of $19,342.33 without ■consideration and while under the influence •of hypnosis by him; and (3) that the marriage of the parties had never been consummated, nor had the parties ever lived or cohabited together as man and wife. By way of relief, the appellee prayed the court for annulment of the marriage, an order requiring the appellant to return the aforesaid ■sum of money to her and for such other relief as the court deemed proper. The answer filed by appellant admitted the ceremony of marriage but denied all remaining material allegations of the complaint. After various discovery proceedings and motions, the cause came on for final hearing where testimony was taken and various depositions were received into evidence.
Subsequent to the hearing, the chancellor promulgated his final decree and judgment wherein he decreed the marriage annulled and entered a judgment in appellee’s favor for the sum of $19,342.33, plus interest, together with costs of the action. Subsequently, the appellee moved the court to tax costs and prayed therein for the court to fix an appropriate attorney’s fee and to award her that sum as a taxable cost of the action. The court thereupon taxed costs against the appellant but denied the motion for attorney’s fees. This appeal followed.
The appellant, by his assignments of error, presents two'points on which he relies for reversal. In essence, he contends (1) the evidence was insufficient to support the relief granted; and (2) the appellee failed to sufficiently corroborate her testimony. We have carefully considered these contentions in the light of the record and applicable law and conclude that no reversible error has been demonstrated.
At the final hearing the appellee testified to the events and circumstances which gave rise to the marriage and her surrender of the money to the appellant as set forth in her complaint. Without delineating her testimony, suffice it to say that it reveals a pattern of fraud and undue influence which was more than ample to establish a prima facie case.
By way of corroboration, the appellee called one Julian Arroyo as an expert witness in the field of hypnosis. Mr. Arroyo’s testimony (which was objected to on various grounds) was based upon a series of hypothetical questions .asked by the appellee’s counsel. We have examined this testimony and find that the necessary predicate had been established and that it was properly considered by the chancellor.
In addition to this testimony presented at the final hearing, the chancellor received into evidence the deposition of one Charles R. Carson, a business and social friend of the appellee, for the purpose of further corroboration of the appellee’s testimony. This deposition was objected to by *575 the appellant on the ground that it contained personal conclusions and hearsay. We note at this time that the chancellor considered these objections and by his order on the pleadings[1] omitted the objectionable portions,, of the deposition. Thus, only those portions of the deposition which were properly admissible were considered in his disposition of the cause. Accordingly, the appellant’s contention in this regard is without merit.
The only testimony presented by the appellant was that of Gerald E. Baker, the appellant’s business manager. While it is true that this testimony in some respects conflicted with that of the appellant, it was the duty of the chancellor to resolve this conflict and he did so — in favor of the ap-pellee. Since the chancellor’s final decree arrived in this court with a presumption of correctness[2] and there is substantial evidence in the record to sustain the findings and conclusions of fact,[3] the decree must be affirmed.
We now turn to the appellee’s interlocutory appeal from the post decretal order. Her sole contention in this regard is that the chancellor abused his discretion in denying her an allowance for attorney’s fees. We have carefully reviewed the record in the light of this contention and conclude that an abuse of discretion has not been demonstrated.
Concluding as we have that both the final decree and post decretal .order here for review are free from error, the same are hereby affirmed.
Affirmed.

.“ * * * That tho objections to such portions of said deposition that are well taken, be, and the same are hereby sustained, and such portions of said deposition that are objectionable will not be admitted into evidence or considered in this cause, and that the objections to such portions of the deposition that are not well taken nor well founded, be, and the same are hereby overruled and denied, and such portions of said deposition that are admissable [sic] into evidence will be admitted into evidence and considered in the disposition of this cause.”

. Lynch v. Coppola, Fla.App.1961, 129 So. 2d 183; Pitts v. ABlswede, Fla.App. 1962, 139 So.2d 159.

. See 2 Fla.Jur., Appeals, § 347, and numerous cases cited therein at p. 725.