367 So.2d 737 (1979)
VIKING COMMUNITIES CORP., Now Known As Communities Financial Corporation, Appellant,
v.
PEELER CONSTRUCTION CO. and Star Construction Co. of Ft. Pierce, Inc., Appellees.
No. 77-1569.
District Court of Appeal of Florida, Fourth District.
February 21, 1979.
*738 Leonard Jaffe, Miami, and Gerald Mager, of Abrams, Anton, Robbins, Resnick, Schneider & Mager, Hollywood, for appellant.
Devitt J. Adams, Fort Pierce, for appellee Star Construction Co. of Ft. Pierce, Inc.
BERANEK, Judge.
Viking Communities, plaintiff below, here appeals a final judgment entered in favor of Star Construction on a counterclaim in a third-party action.
Star Construction contracted with Viking to perform certain excavations on Viking's construction project. Payment was based on a unit price for the volume of material excavated. The contract estimated the volume of excavation and established a dollar amount which was not to be exceeded. The contract also provided for progress payments from Viking to Star. Work commenced and problems arose. The subsequent events are disputed, but several facts are apparent. The estimated volume of excavation was too low. Star fell behind schedule in completing the project and Viking withheld a progress payment. Star eventually ceased work altogether and Viking completed the work through another subcontractor. Star filed a complaint seeking recovery on two counts; foreclosure of a mechanic's lien and quantum meruit.
The case was tried by the Court resulting in a final judgment in favor of Star for the full amount claimed but denying the mechanic's lien. The trial court found that Star had breached the contract in failing to perform within the prescribed time but that no damages to Viking had occurred. The Court denied foreclosure of the mechanic's lien based upon the equitable theory of "unclean hands" as applied against Star. The Court entered judgment for the full amount claimed by Star under the breached contract but did so on the theory of quantum meruit. Viking here appeals that judgment and Star cross appeals denial of the mechanic's lien.
*739 Since a contract is essential to any mechanic's lien, we look first to the enforceability of the basic contractual obligation. 22 Fla.Jur., Mechanic's Lien § 19. The doctrine of substantial performance prevails in this State and a contractor who substantially performs and is in good faith is entitled to enforce the contract even if performance has been less than complete. Ocean Ridge Development Corp. v. Quality Plastering, Inc., 247 So.2d 72 (Fla. 4th DCA 1971). Where a contractor breaches a construction contract, the damages are generally determined by the amount in excess of the contract price which the owner reasonably expends to complete the project. Assuming good faith substantial performance, recovery under the contract should be diminished by this amount. Melnick v. Reynolds Metals, 230 So.2d 490 (Fla. 4th DCA 1970), Bryan v. Owsley Lumber Co., 201 So.2d 246 (Fla. 1st DCA 1967). Where a contractor complies with all provisions of Chapter 713, Florida Statutes, and has substantially performed the contract, he is entitled to a mechanic's lien. See Poranski v. Millings, 82 So.2d 675 (Fla. 1955), and American Motor Inns of Florida, Inc. v. Bell Electric, 260 So.2d 276 (Fla. 4th DCA 1972).
Here, the trial court found a breach by the contractor, Star, but no damages to the owner. Nevertheless the mechanic's lien was denied because the court characterized Star as having "unclean hands." The judgment makes no mention of substantial performance but the record indicates Star did substantially perform and a technical breach without damage is certainly consistent with substantial performance. A technical breach of contract alone may or may not result in unclean hands but under the circumstances here presented it should not have been the basis for denying the mechanic's lien. The Court erred in failing to grant to Star a mechanic's lien.
The final judgment granting full damages under the breached contract on a quantum meruit theory is the subject of Viking's appeal. If the contractor is entitled to prevail on the mechanic's lien aspect of the case, he is not also entitled to a full contract price recovery on the quantum meruit theory. We are, therefore, convinced that the Court misconceived the effect of the evidence and the judgment based on quantum meruit is also reversed. The matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DOWNEY, C.J., and LETTS, J., concur.