GUNTHER, Judge.
Jim Devaney (Devaney) appeals an order of the trial court which determined that the court had jurisdiction over the person of Devaney as a third party defendant. We reverse.
In the instant case, the trial court erred in determining the jurisdictional question at a hearing that was only noticed for motions to compel discovery. When the trial court held the hearing on the motions to compel and expanded the scope of hearing to include the jurisdiction question, De-vaney had an outstanding motion to dismiss for lack of jurisdiction which was scheduled to be heard at a future date.
We conclude that the trial court violated Devaney’s due process rights when it expanded the scope of the hearing to address and determine the jurisdictional matter not *1230 noticed for hearing. Epic Metals Corp. v. Samari Lake East Condominium Association, Inc., 547 So.2d 198 (Fla. 3d DCA 1989).
Furthermore, pursuant to Florida Rule of Civil Procedure 1.140(d), the appellant had a right to notice and a hearing on his Motion to Dismiss for lack of jurisdiction over the person. According to the United States Supreme Court, the meaning of procedural due process is clear: “Parties whose rights are to be affected are to be heard; and in order that they may enjoy that right they must first be notified.” Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 569 (1972). Because the court order rendered that issue moot, the appellant was denied a full and fair opportunity to be heard and present evidence relating to jurisdiction over his person.
REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.