583 So.2d 381 (1991)
Charles M. BRAVERMAN and Jill Ann Braverman, Appellants,
v.
VAN BOWER, INC., d/b/a Van Bower Pool, Patio, and Spa, Appellee.
No. 91-312.
District Court of Appeal of Florida, Third District.
July 23, 1991.
Rehearing Denied August 28, 1991.
Lee H. Schillinger, Coral Gables, Roy J. Kahn, Miami, for appellants.
Leiby Ferencik and Libanoff, P.A., and Larry R. Leiby and Kathleen E. Bente, Miami, for appellee.
Before HUBBART, JORGENSON and GODERICH, JJ.
PER CURIAM.
Charles and Jill Ann Braverman [home-owners] appeal from a final judgment in *382 favor of a contractor in an action to foreclose on a mechanic's lien and for breach of contract. For the following reasons, we reverse.
The homeowners entered into a contract with Van Bower, Inc., for the construction of a pool, patio, and screen enclosure. The contract provided that "[t]he contractor shall furnish plans, engineering, permits and licenses... ." (emphasis added). The screen enclosure that was built was too large to comply with zoning ordinances of the City of Miami Beach and was built to completion even though the application for the building permit had been denied. When the homeowners refused to make the final scheduled payment to the contractor, the contractor executed and recorded a claim of lien for the unpaid amount, then sued for breach of contract and to foreclose on the lien. The City of Miami Beach served the owners with a Notice of Violation of the South Florida Building Code one week after the contractor sued to foreclose on the lien. The homeowners defended on the ground that the contractor had breached the contract by failing to obtain the necessary permit. The trial court entered judgment for the contractor, finding that the contractor had substantially performed the contract.
We reverse. By failing to secure a permit for the screen enclosure and, then, building the enclosure after the permit had been denied, the contractor materially breached, and did not substantially perform, the terms of the contract. Substantial performance is "that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full contract price subject to the promisor's right to recover whatever damages may have been occasioned him by the promisee's failure to render full performance." Ocean Ridge Dev. Corp. v. Quality Plastering, Inc., 247 So.2d 72, 75 (Fla. 4th DCA 1971). "The contractor is not entitled to a lien where he has not substantially performed his contract, or where he has failed to perform a material and considerable part of the work required under the contract, or where he has willfully or intentionally departed from, or failed to carry out, the terms of the contract." Pitts v. Ahlswede, 139 So.2d 159 (Fla. 1st DCA 1962). See also Viking Communities Corp. v. Peeler Construction Co., 367 So.2d 737 (Fla. 4th DCA 1979) (basic contractual obligation must be fulfilled before contractor entitled to mechanic's lien; compliance with both contract and mechanic's lien statute necessary for recovery on mechanic's lien). Compare Poranski v. Millings, 82 So.2d 675 (Fla. 1955) (where complete performance of contract prevented by both parties, contractor's failure to comply strictly with terms of contract did not prevent enforcement of mechanic's lien), and Oven Dev. Corp. v. Molisky, 278 So.2d 299 (Fla. 1st DCA 1973) (contractor substantially complied with contract and was entitled to recover on mechanic's lien where contractor had substituted inferior materials for those specified in contract and had provided inferior workmanship resulting in less attractive homes). In this case, the contractor could not delegate to the subcontractor his contractual duty to obtain the necessary building permit. As a matter of law, the contractor has not substantially performed the contract and is, therefore, not entitled to recover on his mechanic's lien.
REVERSED AND REMANDED.