STONE, Judge.
We reverse a final judgment that denies Casa Linda’s mechanic’s lien and breach of contract claims and enters judgment for the owner, Highlands, on its counterclaim. Casa Linda installed marble tile floors in the public area of Highlands’ building. At the time Casa Linda ceased work, $9,280.64 remained unpaid on the $48,000 contract.
The trial court determined that Casa Linda breached its contract with Highlands by failing to correct the items on an extensive punch list and by failing to secure the architect’s certificate of substantial completion.
The $13,834 judgment on the counterclaim consists of $4,900 costs incurred to correct defects, $3,434 anticipated costs to replace specified tiles to remedy existing and anticipated cracks, $5,000 in punitive damages for wrongfully filing a lis pendens after the claim of lien was “bonded off,” and $500 for attorney’s fee expenses incurred in bonding off the lien.
The trial court’s judgment fails to address an essential question on the mechanic’s lien claim: whether or not the job was substantially completed. This was not an oversight, as the trial court resolved the claim strictly on breach of contract principles, finding that Casa Linda did not complete the punch list and obtain the architect’s certificate, condition precedent to Highlands’ obligation to make final payment. However, the Highlands architect did testify that he considered *768 the work to be in a state of “substantial completion,” about “90 percent completed.”
When a contractor has substantially performed and otherwise complied with the mechanic’s lien statute, it is entitled to an award on its mechanic’s lien claim for the contract price less all damages caused by its failure to render full performance. See Fleming v. Urdl’s Waterfall Creations, Inc., 549 So.2d 1057 (Fla. 4th DCA 1989); Viking Communities Corp. v. Peeler Constr. Co., 367 So.2d 737 (Fla. 4th DCA 1979); Ocean Ridge Dev. Corp. v. Quality Plastering, Inc., 247 So.2d 72 (Fla. 4th DCA 1971). Substantial performance is defined in Ocean Ridge as:
that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full contract price subject to the promisor’s right to recover whatever damages may have been occasioned him by the promisee’s failure to render full performance.
247 So.2d at 75.
A contractor is not entitled to a lien in the absence of substantial performance. See Braverman v. Van Bower, Inc,, 583 So.2d 381 (Fla. 3d DCA), rev. denied, 592 So.2d 683 (Fla.1991); Pitts v. Ahlswede, 139 So.2d 159 (Fla. 1st DCA 1962). However, failing to secure a contractually required architect’s certificate, alone, should not prevent a lienor from recovering for work performed under the contract where the court finds that there has been substantial performance. See generally Poranski v. Millings, 82 So.2d 675 (Fla.1955).
Here, the $4,900 in corrective work is not in issue and we find record support for, and affirm, the court’s findings as to the disputed $3,434 damages for past and future cracked tile repairs. We reject Appellants’ claim that it was error to allow the architect to testify that the tiles were defectively laid and to permit the architect to rely on a lay witness’ test of the tiles, at the architect’s instructions, to determine the number of tiles that sounded “hollow.” We discern no reason to preclude a supervising architect from evaluating the workmanship of subcontractors notwithstanding the architect’s lack of more specific expertise in the particular field. We note that other evidence confirmed that some of the tiles were laid by simply placing “mud” on the corners of the tiles rather than on the floor under the entire tile which accounts for the hollow spaces and cracks already occurring.
Therefore, we affirm that part of the judgment awarding $4,900 and $3,434 on the counterclaim. However, the record will not support the balance of the final judgment.
The trial court determined that Casa Linda’s filing of a lis pendens after the lien was bonded off constituted slander of title and awarded as damages the $500 expended by the owner in initially bonding off the lien, an event occurring prior to the lis pendens. The court awarded the punitive damages specifically pursuant to section 713.31, Florida Statutes, apparently concluding that the claim was a willful exaggeration. That section defines a fraudulent lien as one in which the lienor:
has willfully exaggerated the amount for which such lien is claimed or in which the lienor has willfully included a claim for work not performed upon or materials not furnished for the property upon which he seeks to impress such lien or in which the lienor has compiled his claim with such willful and gross negligence as to amount to a willful exaggeration.
§ 713.31(2)(a), Fla.Stat. (1993). However, the record does not support a conclusion that this was not a good faith dispute over workmanship concerning the balance owed for work performed. See generally William Dorsky Assocs., Inc. v. Highlands County Title and Guar. Land Co., 528 So.2d 411 (Fla. 2d DCA 1988); Vinci Dev. Co. v. Connell, 509 So.2d 1128 (Fla. 2d DCA), rev. denied, 518 So.2d 1274 (Fla.1987).
Although the judgment specifies that the punitive damages were awarded under the statute, Appellants assert that the record would also support such damages under its slander of title claim. However, the filing of the lis pendens, absent a finding of actual malice, will not support punitive damages. See Collier County Publishing Co. v. Chap *769 man, 318 So.2d 492 (Pla. 2d DCA 1975), cert. denied, 383 So.2d 462 (Fla.1976). See also Bonded Inv. and Realty Co. v. Waksman, 437 So.2d 162 (Fla. 2d DCA 1983).
Therefore, the judgment is reversed and the cause remanded for further proceedings, including a determination whether Casa Linda rendered substantial performance. If so, the court shall consider the plaintiffs’ lien for the difference between its $9,280.64 claim and Highlands’ $8,334.00 affirmed recovery. This opinion makes no judgment as to prevailing party’s statutory attorney’s fees issues.
Another appeal, which we now consolidate, concerns trial court jurisdiction and Casa Linda’s correct name. We reverse the trial court order substituting Casa Linda The and Marble Distributors, Inc., as plaintiff/coun-terdefendant, as the record reflects a lack of notice of the issue to be considered at the hearing in which it was substituted. See Devaney v. Solitron Devices, Inc., 564 So.2d 1229 (Fla. 4th DCA 1990). We recognize that at least part of the confusion as to the scope of the issues to be resolved at that hearing was the result of ambiguously worded orders of this court entered on cross motions to relinquish jurisdiction.
On remand, the trial court should resolve anew all fact issues as to the correct identity of the plaintiff and then substitute the correct person as the proper party plaintiff/counterdefendant. Until that time, Casa Linda Tile and Marble Distributors, Inc. shall remain a party. Other issues concerning the scope of trial court jurisdiction during the relinquishment period are now mooted.
We reverse all awards of costs and attorney’s fees, subject to resolution of all other issues on remand.
GUNTHER, J„ and RAMIREZ, JUAN, JR., Associate Judge, concur.