COBB, J.
Two points are raised in this appeal by CDI Contractors, LLC, et al [CDI]. The action below was instituted by Allbrite Electrical Contractors, Inc. [Allbrite] for breach of contract against the contractor, CDI; and to foreclose claims of lien against the owner, Rouse Orlando, Inc. [Rouse Orlando], for labor and materials furnished by Allbrite to the Oviedo Marketplace Mall [Mall] and the Regal Cinemaplex [Cinema]. CDI counterclaimed against Allbrite for breach of contract.
The first contract for electrical work between CDI and Allbrite was executed on May 6, 1997 concerning the Mall. On October 22, 1997, a separate contract was executed for work on the Cinema. These subcontracts were silent as to the completion dates only providing that time was “of the essence.” CDI, however, claimed that the orally agreed-to completion date for both was March 4, 1998. Both subcontracts had a 72 hour notice provision providing Allbrite an opportunity to cure defaults prior to any termination. In a separate memo, a formula was agreed on by the parties for additional work. If an estimate for a change order was not accepted by CDI, Allbrite was to proceed with the work and maintain records of time and materials. While the Mall was completed on March 4, 1998, the Cinema opened under a temporary certificate of occupancy on April 9,1998.
CDI maintains that a telegram and letter were sent to Allbrite on April 3, 1998 providing notice to Allbrite of the need to complete their work. According to testimony below, an Allbrite representative acknowledged receipt. At the time of termination, April 29, 1998, Allbrite had several men working at the Cinema trying to complete change-order work. Towards the end of the job, two other electrical subcontractors were sent in by CDI. Additionally, there was evidence that there were several tradesmen behind in their work on the Cinema. On April 27, 1998, CDI submitted the payment application for March to Rouse Orlando proclaiming electrical work was 100 percent complete. CDI contends that Allbrite was terminated because of the latter’s threats to sabotage CDI’s attempt to obtain a permanent certificate of occupancy for the Cinema. The permanent certificate of occupancy was received by Rouse Orlando on May 14,1998.
*965 The jury found for Allbrite on the Mall subcontract awarding $499,034.53 in damages. The jury also returned a verdict in favor of CDI on the Cinema subcontract and awarded CDI $154,011.00 as damages for expenses incurred in completing All-brite’s work. Allbrite filed a motion for judgment notwithstanding the CDI verdict which was granted by the trial court. The order specifically held that the evidence demonstrated that Allbrite “clearly achieved substantial completion” on the Cinema at the time CDI terminated the Cinema subcontract. Thus, the jury verdict in favor of CDI on the Cinema subcontract was vacated.
Initially, CDI contends that the trial court erroneously concluded as a matter of law that Allbrite substantially performed the Cinema subcontract. CDI asks this court to focus on the date performance was due or March 4, 1998. CDI correctly argues that there was sufficient testimony to support the fact that Allbrite knew that the Cinema was to open simultaneously with the Mall on March 4, 1998 and failed to complete the work in a timely manner. This alone would create an issue of fact for the jury as to when a breach occurred and by whom. Here, the jury believed that Allbrite’s breach of the Cinema subcontract resulted in damages that exceeded the subcontract price. Normally, a subcontractor has not substantially performed if the omission can only be remedied by payment that exceeds the contract price. American Motor Inns of Florida, Inc. v. Bell Electric Co., 260 So.2d 276 (Fla. 4th DCA 1972).
On the other hand, while a temporary certificate of occupancy may not be what CDI bargained for, it certainly could be solid evidence of substantial compliance. Pullam v. Hercules, Inc., 711 So.2d 72 (Fla. 1st DCA), rev. denied, 728 So.2d 202 (Fla.1998). In any event, whether a subcontractor has substantially performed is a question of fact. It should not be decided as a question of law. National Constructors, Inc. v. Ellenberg, 681 So.2d 791, 794 (Fla. 3d DCA 1996).
Accordingly, we reverse the final judgment and remand with instructions to the lower court to reinstate the jury verdict for CDI on the CDI Cinema counterclaim.
We find no merit in CDI’s second issue on appeal relating to Allbrite’s proof of damages.
REVERSED AND REMANDED.
GRIFFIN and ORFINGER, R.B., JJ„ concur.