COPE, C.J.
This is an appeal and cross-appeal after a bench trial in construction litigation. We reverse on the issue of attorney’s fees, and affirm the remainder of the judgment.
So far as is pertinent here, the appellant contractor sued the appellee owners seeking to foreclose a construction lien. This was the only claim by the contractor carrying with it an entitlement to attorney’s fees. See § 713.29, Fla. Stat. (1999). The trial court found that the contractor had not substantially performed his agreement and ruled against the contractor on the construction lien claim. See Braverman v. Van Bower, Inc., 583 So.2d 381 (Fla. 3d DCA 1991); see also Casa Linda Tile & Marble Installers, Inc. v. Highlands Place 1981, Ltd., 642 So.2d 766 (Fla. 4th DCA 1994). The trial court concluded, however, that neither side had prevailed and that neither side would be entitled to attorney’s fees. We respectfully disagree on that point.
Section 713.29 provides, “In any action brought to enforce a [construction] lien ... under this part [part I of chapter 713], the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal ... in an amount to be determined by the court, which fee must be taxed as part of the *331 prevailing party’s costs, as allowed in equitable actions.” In this case the contractor brought suit against the owners to foreclose the construction lien. The trial court denied this claim in its entirety. The owners prevailed on the construction lien claim. See Hollub Const. Co. v. Narula, 704 So.2d 689 (Fla. 3d DCA 1997).
What apparently confused the issue is that each party asserted additional claims against the other, and achieved mixed results. However, the other claims were immaterial. There was no entitlement to attorney’s fees on any of the other claims or counterclaims.*
The contractor sued to foreclose the construction lien and lost. The owners prevailed on the construction lien claim and were entitled to prevailing party attorney’s fees for the time reasonably expended in defending against that claim. See CDI Contractors, LLC v. Allbrite Electrical Contractors, Inc., 836 So.2d 1031, 1033 (Fla. 5th DCA 2002).
We affirm with respect to the remaining points on appeal. The record supports the trial court’s determination that the contractor had not substantially performed the contract. The trial court correctly resolved the issues of breach of contract, account stated, and quantum meruit.
With regard to the claim for fraudulent lien under section 713.31, Florida Statutes, there has in recent years been a statutory amendment stating, “However, a minor mistake or error in a claim of lien, or a good faith dispute as to the amount due does not constitute a willful exaggeration that operates to defeat an otherwise valid lien.” Id. § 713.31(2)(b). We find no error in the rejection of the claim of fraudulent lien.
Affirmed in part, reversed in part, and remanded for an award of attorney’s fees to the owners under section 713.29, Florida Statutes.

 The parties' contract did not contain an attorney's fee provision. The owners asserted a counterclaim for fraudulent lien, which does carry a right to attorney’s fees if the lien is found to be fraudulent. See § 713.31(2)(c), Fla. Stat. However, that counterclaim was unsuccessful.