932 So.2d 442 (2006)
Harold L. CONNELL, Appellant,
v.
CAPITAL CITY PARTNERS, LLC, et al., Appellees.
No. 3D06-109.
District Court of Appeal of Florida, Third District.
May 24, 2006.
Rehearing Denied July 24, 2006.
*443 Joseph H. Fernandez, Hialeah; Kevin D. Dennis, for appellant.
Austin Carr; Russell C. Weigel, for appellees.
Before COPE, C.J., and WELLS and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Harold Connell ("Connell") appeals an order requiring him to transfer $49,000 to Capital City Partners, LLC and Capital City Partners Southeast, LLC (collectively referred to as "Capital City"). We reverse.
Capital City sued Connell for various causes of action arising out of the failed purchase of a bank, the purchase of which Connell agreed to assist. Capital City alleges that it gave Connell $200,000, which Connell used as a down payment for the bank. After the sale of the bank fell through, Connell was able to negotiate the return of $69,000 of the down payment, which Connell did not return to Capital City. Instead, he paid $5,000 of the money to his attorney, and placed the remaining $64,000 in a bank account titled in his own name.
Connell filed a counterclaim below, seeking a declaratory judgment. In the counterclaim, Connell alleges that, in addition to the down payment, Capital City was required to advance money in order to cover further expenses associated with the purchase of the bank, but that Capital City refused to advance the required sum. Connell alleges that when Capital City failed to advance the requisite funds, he obtained $44,000 from an individual named Jerry Grace ("Grace"). Connell further alleges that he, Grace, and Capital City each had a claim to a portion of the $64,000, but that he was unable to determine how much was due to each party. Therefore, he asked the court to declare the rights and interests of the parties to the $64,000 and to direct him to distribute it in accordance with those rights and interests.
On October 11, 2005, Connell filed a motion to dismiss Capital City's complaint. Capital City set the motion to dismiss for hearing. Capital City's notice of hearing indicates that it set the "Motion to Dismiss Amended Complaint" for hearing, and does not set forth any other motion. In accordance with the notice of hearing, the motion to dismiss was heard on December 8, 2005. There is no transcript of the hearing. On December 19, 2005, the trial court entered an order granting the motion to dismiss Count V of Capital City's complaint, and denying the motion to dismiss the remainder of the complaint. In its order, the trial court ordered Connell to transfer $49,000 to Capital City. Connell appeals the portion of the trial court's order requiring him to transfer the $49,000 to Capital City.
Because there was no transcript of the hearing below, the order on appeal may be reversed only if an error of law appears on the face of the order. See Reed v. Reed, 914 So.2d 26, 27 (Fla. 4th DCA 2005); Burke v. Burke, 864 So.2d 1284, 1284-85 (Fla. 1st DCA 2004); Kanter v. Kanter, 850 So.2d 682, 684 (Fla. 4th DCA 2003). We find that the order on appeal reflects an error on its face, as it reveals a denial of due process. Specifically, the order reflects that the only motion set for hearing was a motion to dismiss.[1] The trial court, however, went beyond a determination of the motion to dismiss, by *444 also requiring Connell to transfer $49,000 to Capital City.[2] In requiring Connell to transfer $49,000 to Capital City, it appears that the trial court ruled on the declaratory action filed in Connell's counterclaim. It did so, however, without prior notice that the declaratory action would be considered at the hearing, and apparently without the submission of any sworn proof.[3] This was error because the granting of relief, which is not sought by the notice of hearing or which expands the scope of a hearing and decides matters not noticed for hearing, violates due process. Khan v. Dep't of Revenue, 901 So.2d 992, 992 (Fla. 4th DCA 2005); Grandini v. Carizo, 891 So.2d 1216 (Fla. 3d DCA 2005); Fouts v. Bowling, 596 So.2d 95 (Fla. 3d DCA 1992); Devaney v. Solitron Devices, Inc., 564 So.2d 1229 (Fla. 4th DCA 1990); Epic Metals Corp. v. Samari Lake E. Condo. Ass'n, Inc., 547 So.2d 198 (Fla. 3d DCA 1989); Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988). As noted by the Fourth District Court of Appeal, "the meaning of procedural due process is clear: `Parties whose rights are to be affected are to be heard; and in order that they may enjoy that right they must first be notified.'" Devaney, 564 So.2d at 1230 (quoting Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)).
We reverse because it appears on the face of the order that the trial court determined matters not noticed for hearing, thereby depriving Connell of due process.
Reversed.
NOTES
[1] The order states: "THIS CAUSE having come to be heard on December 8, 2005 on Defendant's Motion to Dismiss the Amended Complaint...."
[2] The order states: "Additionally the Defendant shall within ten (10) days forward to the Plaintiffs $49,000.00 currently held by the Defendant."
[3] Capital City does not seem to dispute that the hearing below was a non-evidentiary hearing, and that the trial court made its determination regarding the $49,000 based only on a discussion with counsel for the parties.