958 So.2d 1149 (2007)
Victor LANGLEY, Appellant,
v.
Chris KNOWLES and Sandra Knowles, Appellees.
Nos. 5D06-1722, 5D06-3312.
District Court of Appeal of Florida, Fifth District.
June 29, 2007.
*1150 Jamie B. Moses and R. Gavin MacKinnon, of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellant.
Douglas W. Ackerman and April A. Atkins, of Kirwin Norris, P.A., Winter Park, for Appellee.
EVANDER, J.
Langley appeals a final summary judgment entered in favor of the Knowleses on Count I of his complaint  a count requesting enforcement of a construction lien. He also appeals a final judgment awarding the Knowleses attorney's fees and costs. We find the trial court misapplied the "substantial performance" doctrine and reverse both final judgments.
Langley and the Knowleses entered into a written contract, whereby Langley agreed to perform certain masonry work toward the construction of a two-story garage/mother-in-law suite on the Knowleses' property. The Knowleses agreed to pay Langley the sum of $11,235 for the project.
Early in the project, Langley realized he had made a mistake. He had constructed a concrete footer one foot shorter than the length specified in the plans. Langley informed the Knowleses of his error and proposed a method to resolve the problem. The Knowleses found Langley's initial proposal to be unacceptable. There is a dispute as to what occurred next. The Knowleses allege Langley refused to comply with their directive to redo the work so as to ensure compliance with the plans. Langley contends the parties were negotiating a solution to correct the situation when the Knowleses wrongfully terminated the contract by employing a new contractor.
The Knowleses requested a final invoice from Langley. Langley delivered an invoice for $2,906.76. This figure purported to represent the value of his labor and materials less the cost of correcting his error. The Knowleses paid Langley $1,102.12 as the final payment.
Langley filed a lien against the Knowleses' property for $1,804.64 and subsequently filed a two-count complaint in the circuit court. Count I was for enforcement of the lien[1] and Count II was for breach of contract. The Knowleses filed an answer denying that they owed Langley any monies. As affirmative defenses, the Knowleses alleged Langley had breached the contract, had failed to substantially perform the contract, and had filed a fraudulent lien. The Knowleses also filed a two-count counterclaim. Count I was for breach of contract and Count II alleged Langley had filed a fraudulent lien.[2]
The Knowleses subsequently moved for summary judgment on all four counts in the action. As to Langley's lien count, the Knowleses argued that because much of the contracted-for work had not been completed, Langley's claim was barred by the "substantial performance" doctrine.
The parties consented to the motion for summary judgment being heard by a magistrate. The magistrate found that the *1151 existence of material issues of disputed fact precluded the entry of summary judgment as to Langley's breach of contract count and the two counts pled in the counterclaim. However, the magistrate recommended summary judgment be entered in favor of the Knowleses on Langley's lien count. The magistrate's report included the following language:
There is no disputed issue of material fact that Langley failed to substantially perform the contract. Langley is not entitled to lien the Knowles[es]' property . . . because he did not substantially perform the contract.
The magistrate's conclusion appears to be based on the fact that Langley had not substantially completed the contracted-for work prior to the time the contract was terminated.
Langley's objections to the magistrate's report were denied. The trial court entered a final judgment in favor of the Knowleses on Langley's lien count. The trial court also determined that the Knowleses were the prevailing party on Langley's lien claim and were entitled to an award of attorney's fees and taxable costs.[3] The balance of the case was transferred to county court.[4] The trial court later entered a second final judgment awarding the Knowleses attorney's fees and costs in excess of $20,000. Langley appealed both final judgments and this court consolidated the appeals.
On appeal, Langley contends the trial court misapplied the substantial performance doctrine to the facts and circumstances of this case. We agree.
It is undisputed that Langley did not substantially complete the project prior to the termination of the parties' contract. However, there is a disputed issue of fact as to whether Langley's failure to complete the contract was excused or waived by the Knowleses. The record contains evidence that would support a finding that the Knowleses wrongfully terminated the contract. The Knowleses contend Langley cannot prevail on his lien count regardless of whether the Knowleses wrongfully terminated the contract because Langley did not "substantially perform." We reject this argument.
The substantial performance doctrine recognizes that a contractor who complies with all of the provisions of the contractor's lien statute is entitled to enforce a lien if he has substantially, but not completely, performed his contractual obligations. See Grant v. Wester, 679 So.2d 1301 (Fla. 1st DCA 1996); Viking Comtys Corp. v. Peeler Constr. Co., 367 So.2d 737 (Fla. 4th DCA 1979). However, even when a contractor has failed to substantially complete the contract, he may enforce his lien rights if his performance has been excused or waived by the owner. Pitts v. Ahlswede, 139 So.2d 159, 160 (Fla. 1st DCA 1962). It is inconceivable that the Legislature intended that an owner could thwart a contractor's lien rights by wrongfully terminating the contract before the contractor has had the opportunity to substantially complete the contracted-for work.
In the present case, a factual issue remains as to whether Langley's failure to substantially complete the contract was excused or waived by the Knowleses. Accordingly, the trial court erred in granting the Knowleses' motion for summary final judgment on Langley's lien count. The *1152 trial court's award of attorney's fees and costs must also be reversed.
REVERSED and REMANDED.
MONACO, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] §§ 713.05, 713.08, Fla. Stat. (2004).
[2] § 713.31, Fla. Stat. (2004).
[3] § 713.29, Fla. Stat. (2004).
[4] After resolving the enforcement of lien count, the trial court determined it no longer had subject matter jurisdiction.