PER CURIAM.
Defendants Ocala Auto Show and Linda Sanchez appeal the trial court’s entry of judgment on the pleadings in this breach of contract action. Attached to the Initial Brief is a “Notice of Hearing on Judge’s Cancellation List.” This notice of hearing stated:
Please be advised that the undersigned attorney for Plaintiff, Simon M. Azarnia, Esq., will call to be heard before the Honorable Patti Englander Henning at the Broward County Courthouse, 201 S.E. 6th Street, room 996, Ft. Lauder-dale, FL 33301, on 2nd Day of August, 2006 at 10:00 a.m. or as soon thereafter as may be heard the following motion(s):
The notice of hearing next contains a certificate of service; it fails to identify the motion to be heard and leaves that portion of the notice blank.
This notice is clearly defective. By proceeding ex parte based on this defective notice, the trial court denied the defendants’ due process rights to notice and an opportunity to be heard. See Connell v. Capital City Partners, LLC, 932 So.2d 442, 443-44 (Fla. 3d DCA 2006).
*982 Although we have no transcript of the hearing, the plaintiff, Riverbank Acceptance, Inc., represented in its written motion that “the answer and affirmative defenses admit the allegations of the complaint.” We must presume that the trial court relied on this representation in granting the motion for judgment on the pleadings.
In fact, the defendants’ answer affirmatively denied virtually every material allegation of the complaint. Among other things, the answer denied altogether that the defendants had entered into the claimed agreement. In ruling on a motion for judgment on the pleadings, the trial court must consider all allegations of the moving party which have been denied as false. Williams v. Howard, 329 So.2d 277, 280 (Fla.1976).
Here, it appears that the motion for judgment on the pleadings contained a misrepresentation of fact. It further appears that this misrepresentation was repeated to the trial court at the hearing to induce the granting of the motion. Accordingly, we reverse the trial court’s entry of judgment on the pleadings and remand for further proceedings.[1]

Reversed and Remanded.

SHAHOOD, C.J., FARMER and TAYLOR, JJ., concur.

. Although this may be a matter which should be referred to the Florida Bar, we will simply remind counsel of his duty of candor towards the tribunal, which takes on even more importance when the opposing party does not appear for a hearing. See R. Regulating Fla. Bar 4-3.3(a)(1) (2006).