DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**EZRA MOSTOWICZ,**
Appellant,

v.

**SCOTT J. ISRAEL,** Sheriff of Broward County,
Appellee.

No. 4D13-2055

[July 23, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. 10-37229 (18).

Ezra Mostowicz, Montgomery, Alabama, pro se.

No appearance for appellee.

DAMOORGIAN, C.J.

Ezra Mostowicz appeals the trial court's final order of forfeiture striking his pleadings and ordering the forfeiture of $16,725.00 to the Sheriff of Broward County ("Sheriff"). We reverse and remand for further proceedings.

By way of background, Mostowicz was arrested for drug trafficking in August 2010. In conjunction with his arrest, law enforcement seized the $16,725.00 that became the subject of the instant forfeiture proceeding. Mostowicz was charged in state and federal court with multiple offenses arising from this single transaction.

While Mostowicz's criminal cases were pending, the Sheriff brought a civil action for forfeiture of the seized cash pursuant to the Florida Contraband Forfeiture Act, §§ 932.701–932.706, Florida Statutes (2009). Thereafter, the trial court entered an order finding probable cause to seize the cash and maintain the forfeiture action. *See* § 932.703(2), Fla. Stat. (2009). Mostowicz responded by filing a motion to suppress his statements and evidence obtained during his arrest. Although not

entirely clear from the motion, it appears that Mostowicz was arguing that if his arrest was illegal, the Sheriff could not establish grounds for the forfeiture by clear and convincing evidence. *See* § 932.704(8), Fla. Stat.

At the hearing on Mostowicz's motion to suppress, the Sheriff made an ore tenus motion for entry of judgment of forfeiture. The trial court dismissed Mostowicz's motion to suppress as moot and granted the Sheriff's motion for forfeiture of the cash. We hold that this was error because the Sheriff's motion was not properly noticed for hearing. *See Connell v. Capital City Partners, LLC*, 932 So. 2d 442, 444 (Fla. 3d DCA 2006) ("[T]he granting of relief, which is not sought by the notice of hearing or which expands the scope of a hearing and decides matters not noticed for hearing, violates due process.").

Additionally, we note that the Final Order of Forfeiture expressly relied on a plea agreement between Mostowicz and the federal government. The plea agreement, which resolved Mostowicz's federal charges, included a forfeiture provision whereby Mostowicz waived any rights to the confiscated funds. In light of this agreement, it seems that the federal government may have an interest in the cash. On remand, the trial court should consider the federal government's potential claim to the cash, as it may preclude the forfeiture of the funds to the Sheriff.

*Reversed and Remanded.*

WARNER, J., concurs specially with opinion.
MAY, J., concurs specially with opinion.

WARNER, J., concurring specially.

I agree with the majority opinion as well as with Judge May's concurrence. I would also note that the agreement between the federal government and the defendant was not raised in any pleading, as the agreement was not made until shortly before the summary judgment hearing. Therefore, the court would have erred in entering a summary judgment based upon matters not pled.

MAY, J., concurring specially.

I agree with the majority opinion, but write to emphasize the contents of the defendant's plea agreement with the federal government. Two provisions are worthy of note. First, the defendant did not waive his right to appeal the denial of his motion to suppress in federal court.

Second, paragraph 13 of the plea agreement addressed the forfeiture of property.  It specifically provided that the defendant would assist the United States government in the forfeiture of any assets, including the $16,725.00, but only to the United States.  The State of Florida was never mentioned.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***