DAMOORGIAN, C.J.
Ezra Mostowiez appeals the trial court’s final order of forfeiture striking his pleadings and ordering the forfeiture of $16,725.00 to the Sheriff of Broward County (“Sheriff’). We reverse and remand for further proceedings.
By way of background, Mostowiez was arrested for drug trafficking in August 2010. In conjunction with his arrest, law enforcement seized the $16,725.00 that became the subject of the instant forfeiture proceeding. Mostowiez was charged in state and federal court with multiple offenses arising from this single transaction.
*977 While Mostowicz’s criminal cases were pending, the Sheriff brought a civil action for forfeiture of the seized cash pursuant to the Florida Contraband Forfeiture Act, §§ 932.701-932.706, Florida Statutes (2009). Thereafter, the trial court entered an order finding probable cause to seize the cash and maintain the forfeiture action. See § 932.703(2), Fla. Stat. (2009). Mos-towicz responded by filing a motion to suppress his statements and evidence obtained during his arrest. Although not entirely clear from the motion, it appears that Mostowicz was arguing that if his arrest was illegal, the Sheriff could not establish grounds for the forfeiture by clear and convincing evidence. See § 932.704(8), Fla. Stat.
At the hearing on Mostowicz’s motion to suppress, the Sheriff made an ore tenus motion for entry of judgment of forfeiture. The trial court dismissed Mostowicz’s motion to suppress as moot and granted the Sheriffs motion for forfeiture of the cash. We hold that this was error because the Sheriffs motion was not properly noticed for hearing. See Connell v. Capital City Partners, LLC, 932 So.2d 442, 444 (Fla. 3d DCA 2006) (“[T]he granting of relief, which is not sought by the notice of hearing or which expands the scope of a hearing and decides matters not noticed for hearing, violates due process.”).
Additionally, we note that the Final Order of Forfeiture expressly relied on a plea agreement between Mostowicz and the federal government. The plea agreement, which resolved Mostowicz’s federal charges, included a forfeiture provision whereby Mostowicz waived any rights to the confiscated funds. In light of this agreement, it seems that the federal government may have an interest in the cash. On remand, the trial court should consider the federal government’s potential claim to the cash, as it may preclude the forfeiture of the funds to the Sheriff.

Reversed and Remanded.

WARNER and MAY, JJ., concur specially with opinion.