# Third District Court of Appeal

## State of Florida

Opinion filed March 4, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1802
Lower Tribunal No. 21-24920-CC-05

————————————

**Meritxell Pons Torres, et al.,**
Appellants,

vs.

**A&P Air Conditioning Corporation,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Maria D. Ortiz, Judge.

Kopelowitz Ostrow Ferguson Weiselberg Gilbert, and Alexis Fields (Fort Lauderdale), for appellants.

Gary Bennett Goldman, P.A., and Gary B. Goldman, for appellee.

Before SCALES, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

## INTRODUCTION

A&P Air Conditioning Corp. (A&P) and Meritxell Pons Torres and Valeria Scinto (Owners) filed competing lawsuits related to A&P's construction lien placed on Owners' property. On appeal, Owners contend the trial court erred when it (1) denied Owners' motion for summary judgment on A&P's foreclosure of construction lien; (2) denied Owners' motion for summary judgment on their slander of title claim against A&P; and (3) "granted" A&P's suggestion of mootness.

For the reasons that follow, we affirm the trial court's denial of Owners' motions for summary judgment, but reverse the trial court's order granting A&P's suggestion of mootness as well as the trial court's final judgment entered in favor of A&P. We remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2021, Owners and A&P executed a contract for A&P to supply and install two air conditioning units (one two-ton unit and one three-ton unit) in Owners' apartment for $11,400. The contract required an initial deposit of $5,700 and a payment of $5,700 upon completion.

Owners paid the initial deposits, and the air conditioning units were installed. Dissatisfied with A&P's work, however, Owners refused to pay the balance due, claiming that A&P installed the two-ton unit incorrectly. On

2

August 3, 2021, A&P recorded a claim of lien on the underlying property. Days later, A&P filed a complaint seeking to foreclose on that lien for Owners' failure to pay the balance due. Owners filed their own lawsuit against A&P for slander of title.[1]  The two cases were consolidated, and each party filed answers and affirmative defenses to the respective claims asserted against them.

Two years later, on August 18, 2023, A&P filed a Suggestion of Mootness, asserting that "all matters in [Owners'] own complaint against [A&P] were settled."  By way of explanation, A&P cited Owners' voluntary payment of the balance due in November 2021 (months after the lawsuits were filed):

> On November 15, 2021, [Owners] voluntarily made a payment of $5,700 to [A&P].  [A&P] now suggests that this matter is moot. . . . [Owners], having made a voluntary payment in full of the balance owed, has resolved the controversy so fully. . . that a judicial determination can have no actual effect.

Owners did not specifically respond to the motion, but instead  filed a motion for summary judgment on their slander of title claim, averring in an affidavit facts relevant to their 2021 payment of the amount due:

---

[1] Initially, Owners also sued A&P for negligence and fraudulent lien; they voluntarily dropped their fraudulent lien action in April 2023, and the record and briefs suggest the parties settled Owners' negligence claim.

- Shortly after installation of the air conditioning units, Owners informed A&P that the two-ton air conditioning unit had been installed incorrectly (i.e., "the air intake [was] on the wrong side of the unit which would have caused the air flow to travel in the wrong direction"; and "it was too close to the wall making it impossible to clean the ducts.").

- Instead of "completing" the work, A&P "prematurely" filed a claim of lien in the amount of $5,700.

- On August 25, 2021, three weeks after filing a claim of lien, A&P returned to the Owners' apartment, agreed the air conditioning unit was improperly installed, and "voluntarily installed a new 2 Ton Unit."

- Even though A&P returned and "properly installed the 2 Ton Unit," the company failed to "pull the necessary permit to remove and replace the 2 Ton Unit in violation of Miami-Dade County Code."

- On November 15, 2021, Owners paid the balance due.

- A&P's filing of the lien on August 3, 2021, was premature and unlawful, impaired Owners' title, and required prosecution of the slander of title claim.

4

In short, Owners paid the balance due but only upon A&P returning to the property and addressing Owners' complaints about the two-ton unit which had led to their refusal to pay the balance in the first place. These allegations formed the basis not only for Owners' motion for summary judgment on its slander of title claim, but also served to rebut A&P's claim that "all matters in [Owners'] own complaint against [A&P] were settled" by the payment of the balance due.

Owners concluded that, because A&P failed to properly install the two-ton unit *and* to pull a new permit when it later replaced the incorrectly-installed unit, A&P did not substantially perform under the Agreement and cannot recover on its claim of lien—accordingly, there is no genuine issue of material fact that the lien "is a cloud on the premises."

A&P responded, reiterating its position that the lawsuit was moot and refuting Owners' position that A&P had not substantially completed its work under the Agreement. On the latter point, A&P maintained that it substantially performed under the Agreement because it "secured a permit for the contracted work, performed the contract, put in place a properly functioning air conditioning system, and obtained and passed a final mechanical inspection from the City of Miami." Whether a second permit was necessary to replace the unit on August 25, A&P continued, is a question of

5

law for the Court. Put differently, the Owners failed to present evidence that the air conditioning system was not working properly when A&P recorded the claim of lien.

Owners later filed a motion for summary judgment on A&P's claim for foreclosure of the construction lien, and A&P responded. Each party reiterated arguments made in their pleadings on Owners' motion for summary judgment of their slander of title claim—these arguments primarily concerned whether A&P had substantially performed under the contract when it filed the construction lien.

On July 30, 2024, the trial court held a hearing, limited to Owners' motion for summary judgment on A&P's construction lien.[2] The court orally denied Owners' motion for summary judgment on A&P's action for foreclosure of its construction lien, finding that the entire case was moot:

> I find that the company was correct in filing the claim of the foreclosure action and your Motion for Summary Judgment, I find that the AC company completed the work substantially. *Whether it was right or not, it passed inspection based on what I'm hearing. That's substantial completion*. [Appellants] should have paid then.

---

[2] It is undisputed that the notice of hearing was limited to Owners' "motion for summary judgment as to [A&P's] complaint," e.g., A&P's fraudulent lien claim. Even the order on appeal states that the matter before the court was Owners "Motion for Summary Judgment as to [A&P's] Foreclosure of Construction Lien."

(Emphasis added).

The trial court later entered final judgment in favor of A&P, finding A&P substantially completed its work at the time it filed the claim of lien. Based on this finding, the trial court's order (1) denied Owners' motion for summary judgment on A&P's foreclosure of construction lien claim; (2) denied Owners' motion for summary judgment on their slander of title claim against A&P; and (3) granted A&P's "Suggestion of Mootness as to its Complaint to Foreclose its construction lien." The trial court also determined that A&P was entitled to recover reasonable attorney's fees on its lien claim, and awarded nearly $10,000 in attorney's fees. This appeal followed.

## ANALYSIS AND DISCUSSION[3]

We hold that the trial court erred in granting affirmative relief in favor of A&P without notice and in the absence of a proper pleading seeking such relief. Relatedly, we also find the trial court erred in its determination that the entire case (including Owners' slander of title claim) was mooted by Owners' payment of the balance of the amount due A&P. Upon this record, a genuine

---

[3] As a general rule, an appellate court reviews de novo an order on summary judgment. "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Deshazior v. Safepoint Ins. Co., 305 So. 3d 752, 754 (Fla. 3d DCA 2020) (quotation omitted). We likewise apply de novo review to a trial court's mootness determination. Real Est. Sols. Home Sellers, LLC v. Viera E. Golf Course Dist. Ass'n, Inc., 288 So. 3d 1228, 1230 n.2 (Fla. 5th DCA 2020).

issue of fact remains whether the work was substantially performed and, by extension, whether the claim of lien was prematurely recorded by A&P.

The only matter set for hearing was <u>Owners'</u> motion seeking summary judgment in its favor on A&P's claim for foreclosure of construction lien. However, the trial court essentially short-circuited the case by determining—without any motion from A&P and without any notice to Owners—that A&P was entitled to judgment in its favor on its claim of lien, that A&P's work was substantially completed at the time it filed its claim of lien, that Owners' claims were moot, and that A&P was the prevailing party entitled to judgment on all claims and an award of attorney's fees as well.

One of the central issues below was whether A&P substantially performed the work under the contract before recording its construction lien on Owners' property. Under Florida law, a contractor is entitled to a mechanic's lien if he complies with all provisions of Chapter 713, governing construction liens, and "has substantially performed the contract." <u>Grant v. Wester</u>, 679 So. 2d 1301, 1307 (Fla. 1st DCA 1996) (quotation omitted); <u>Langley v. Knowles</u>, 958 So. 2d 1149, 1151 (Fla. 5th DCA 2007) ("The substantial performance doctrine recognizes that a contractor who complies with all of the provisions of the contractor's lien statute is entitled to enforce a lien if he has substantially, but not completely, performed his contractual

8

obligations."). Substantial performance is performance "so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full contract price subject to the promisor's right to recover whatever damages may have been occasioned him by the promisee's failure to render full performance." Ocean Ridge Dev. Corp. v. Quality Plastering, Inc., 247 So. 2d 72, 75 (Fla. 4th DCA 1971).

Importantly, substantial performance is ordinarily a question for the trier of fact to resolve based on the relevant evidence. See Nat'l Constructors, Inc. v. Ellenberg, 681 So. 2d 791, 794 (Fla. 3d DCA 1996) ("The question of whether there has been substantial performance, however, is normally a question of fact for the trier of fact to resolve based on all of the relevant evidence."); CDI Contractors, LLC v. Allbrite Elec. Contractors, Inc., 780 So. 2d 963, 965 (Fla. 5th DCA 2001) ("[W]hether a subcontractor has substantially performed is a question of fact" and "should not be decided as a matter of law."); Grant, 679 So. 2d at 1307 ("Substantial performance is a question of fact.").

Upon our review of the record, we hold that the action below was not in a procedural posture that would permit the trial court to determine, as a matter of law, that A&P had substantially performed and was entitled to

judgment in its favor on its foreclosure of lien claim and on Owners' slander of title claim.

First, the hearing was on <u>Owners'</u> motion for summary judgment of A&P's claim for foreclosure of the construction lien. In their motion, Owners contended that the undisputed facts established A&P had not substantially performed under the contract. Instead of simply denying Owners' motion, the trial court granted affirmative relief to A&P by way of a final summary judgment on an unpled motion never noticed for hearing. "The entry of summary judgment in favor of a nonmovant is not generally accepted practice." <u>Hotel 71 Mezz Lender, LLC v. Tutt</u>, 66 So. 3d 1051, 1054 (Fla. 3d DCA 2011). Florida Rule of Civil Procedure 1.510(3)(f) provides:

> Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may[] [] grant summary judgment for a nonmovant[.]

<u>See</u> <u>Shechter v. R.V. Sales of Broward, Inc.</u>, 328 So. 3d 1053, 1056 (Fla. 3d DCA 2021) (reversing where trial court sua sponte entered summary judgment for the RV Dealers "where the RV Dealers never filed a motion for summary judgment and the Receiver was provided neither timely notice that such affirmative relief was contemplated, nor an opportunity to respond or present additional evidence in opposition"). Applied here, Owners should first have been provided with "notice and a reasonable time to respond" to

10

the issue of substantial compliance and mootness (and the intended grant of affirmative relief in favor of A&P) before the trial court could enter summary judgment for nonmovant, A&P. Id.

Second, the record before us precluded any determination that, as a matter of law, one party or the other was entitled to judgment in its favor. As indicated before, the question of substantial performance is ordinarily a question for the trier of fact to resolve based on the relevant evidence. The instant case appears to fit neatly within that general rule given the existence of conflicting evidence on substantial compliance, e.g., the work passed final inspection, yet A&P subsequently returned to the property to replace the two-ton unit. [4]

Interrelated is the trial court's ruling that the entire case was mooted by Owners' payment of the remaining balance under the contract. Given Owners' affidavit and other evidence filed in support of their motion for summary judgment, the trial court erred in determining that the Owners' payment of the balance due mooted their slander of title claim and in concluding that the case "presents no actual controversy or when the issues

---

[4] Because there remain genuine issues of material fact, the trial court did not err in denying Owners' motion for summary judgment on A&P's claim for foreclosure of construction lien and Owners' motion for summary judgment on Owners' claim for slander of title against A&P.

11

have ceased to exist." See Progressive Select Ins. Co. v. Hilchey, 396 So. 3d 775, 778 (Fla. 2d DCA 2024) ("A case is 'moot' and therefore generally subject to dismissal 'when it presents no actual controversy or when the issues have ceased to exist.'") (quoting Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992). Here, the question of substantial performance was not an issue that "ceased to exist" during the proceedings. Id. It was an issue of fact developed during discovery and that continued to be in dispute.[5]

---

[5] A&P points out that the air conditioning units passed inspection in June 2021, prior to A&P filing the lien. While this constitutes solid evidence that A&P substantially performed prior to filing the lien, it is insufficient to support a finding of substantial performance as a matter of law upon this record given the allegations and averments contained in Owners' motion for summary judgment, as described *supra* at *3-4, e.g., A&P returned to the property and replaced the unit after the "final inspection" and after filing the underlying construction lien. Ness Racquet Club, LLC v. Ocean Four 2108, LLC, 88 So. 3d 200, 203 (Fla. 3d DCA 2011) (reversing summary judgment because there remained disputed issues of material fact precluding summary judgment, and noting: "The fact that a TCO [temporary certificate of occupancy] has been issued is 'solid evidence' of substantial compliance to be used in deciding the factual issue of whether a breach of contract occurred.") (citing CDI Contractors, LLC v. Allbrite Elec. Contractors, Inc., 780 So.2d 963, 965 (Fla. 5th DCA 2001) ("[W]hether a subcontractor has substantially performed is a question of fact" and "should not be decided as a matter of law.") and Nat'l Constructors, Inc. v. Ellenberg, 681 So. 2d 791 (Fla. 3d DCA 1996) (same)); cf. Braverman v. Van Bower, Inc., 583 So. 2d 381, 382 (Fla. 3d DCA 1991) (finding no substantial performance, as a matter of law, where contractor failed to secure the necessary building permit).

**CONCLUSION**

Because A&P never moved for summary judgment, meaning Owners were not given notice that the trial court would consider (and grant) affirmative relief in favor of A&P on its own claim, nor that it would consider (and grant) dismissal of Owners' claims as moot; and because there remain genuine issues of material fact regarding each party's claims, we reverse the final judgment entered in favor of A&P, including the award of attorney's fees and costs. We affirm the trial court's denial of Owners' motions for summary judgment. We remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.